J-S13041-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KEITH NICHOLSON | |
| Appellant | No. 1589 WDA 2014 |

Appeal from the Judgments of Sentence entered September 19, 2014
In the Court of Common Pleas of Fayette County
Criminal Division at Nos: CP-26-CR-0002109-2013,
CP-26-CR-0002110-2013

BEFORE: BENDER, P.J.E., MUNDY, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                                **FILED APRIL 13, 2015**

Appellant, Keith Nicholson, appeals from the judgments of sentence entered following his conviction of burglary and other crimes. He challenges the sufficiency of the evidence supporting his convictions. We affirm.

On October 11, 2013, between 3:30 a.m. and 4:00 a.m., Martin Halfhill, owner of Martin Auto Wreckers in Connellsville, Fayette County, was alerted by his son that someone was breaking into the shop.[1] Halfhill took a handgun and went to the shop, approximately 1,000 yards from his house. Outside, he saw a parked all-terrain vehicle (ATV) with its engine running.

_____

[1] We take the factual summary from the Trial Court Rule 1925(a) Opinion, 10/28/14, at 2-4.

The office door to the shop was open. Halfhill went inside, and encountered Appellant, who was coming out of the shop office. Appellant was wearing a camouflaged, hooded sweatshirt with the hood up and drawn tight about his face, pajama pants, and gloves. Appellant was holding two large wrenches in one hand, and a flashlight and screwdriver in the other hand.

Halfhill told Appellant he was armed and ordered him to stop. Appellant instead raised his wrench-holding hand and advanced on Halfhill. Halfhill responded by grabbing Appellant's arm, pushing him into the wall, and wrestling him to the ground. Appellant struggled and grabbed a fire extinguisher, which discharged its contents. Appellant asked to be let go and told Halfhill to shoot him, but made no other statements. Police arrived, having been alerted by Halfhill's son, and arrested Appellant. Halfhill noticed that Appellant gained entry to the shop by damaging the doorjamb and latch. He also saw a set of his crow wrenches, some line wrenches, and a set of titanium drill bits in the saddlebags of the ATV.

Halfhill did not leave the premises until about 5:00 a.m., but he opened for business as usual later that morning, a Friday, at 8:30 a.m. At noontime, Halfhill noticed a white Chevy pickup truck repeatedly drive past his shop, slow down, and honk its horn. Halfhill was later informed that the truck was Appellant's. Later that same day, at about 6:00 p.m., Halfhill answered his home telephone, and the caller told him, "if you want me, I am ready for you." The caller clarified that he was waiting on Rich Hill. Halfhill realized that Appellant lived on Rich Hill, and asked the caller if he was the

man who was in his garage earlier that day. Appellant admitted he was, and hung up the phone.

Two months later, on the Saturday before Christmas, 2013, Appellant approached Halfhill in a local store. He asked Halfhill about going to jail and admitted he was sorry, but not sorry enough to have returned Halfhill's tools if he was not caught.

As a result of the above incidents, at Case No. CP-26-CR-0002109-2013, Appellant was charged with burglary, criminal trespass, receiving stolen property, theft by unlawful taking, possessing instruments of crime, simple assault, criminal mischief, harassment, operating a snowmobile or ATV on a street or highway, and carelessly operating a snowmobile or ATV.[2] At Case No. CP-26-CR-0002110-2013, Appellant was charged with retaliation against a witness or victim and harassment.[3] The cases were consolidated for jury trial. At the close of the evidence, the trial court granted Appellant's motion for judgment of acquittal on the charge of retaliation against a witness or victim, and it acquitted Appellant of carelessly operating a snowmobile or ATV. Appellant was convicted of all other charges. The trial court sentenced Appellant to 1 year and 45 days to

---

[2] 18 Pa.C.S.A. §§ 3502(a)(3), 3503(a)(1)(ii), 3925(a), 3921(a), 907(a), 2701(a)(3), 3304(a)(5), and 2709(a)(1); and 75 Pa.C.S.A. §§ 7721(a)(1) and 7726(a)(2), respectively.

[3] 18 Pa.C.S.A. §§ 4953 and 2709(a)(1).

2 years and 90 days in prison. Appellant filed a notice of appeal. He and the trial court complied with Pa.R.A.P. 1925.

Appellant presents three questions for our review:

1. Was the evidence produced at trial sufficient to sustain the [Appellant's] conviction of burglary, criminal trespass, receiving stolen property, theft by unlawful taking and possessing instruments of crime?

2. Did the Commonwealth prove beyond a reasonable doubt that the [Appellant] attempted by physical menace to put Martin Halfhill in fear of imminent serious bodily injury?

3. Did the Commonwealth prove beyond a reasonable doubt that the [Appellant] harassed Martin Halfhill?

Appellant's Brief at 7.

All of Appellant's issues challenge the sufficiency of the evidence supporting his convictions. A challenge to the sufficiency of the evidence is a question of law. *Commonwealth v. Orie*, 88 A.3d 983, 1013 (Pa. Super. 2014) (quotation omitted).

In challenges to the sufficiency of the evidence, "our standard of review is *de novo*, however, our scope of review is limited to considering the evidence of record, and all reasonable inferences arising therefrom, viewed in the light most favorable to the Commonwealth as the verdict winner." *Commonwealth v. Rushing*, 99 A.3d 416, 420-21 (Pa. 2014). Evidence is sufficient if it can support every element of the crime charged beyond a reasonable doubt. *Commonwealth v. Vogelsong*, 90 A.3d 717, 719 (Pa. Super. 2014). The evidence does not need to disprove every possibility of innocence, and doubts as to guilt, the credibility of witnesses, and the weight of the evidence are for the fact-finder to decide. *Id.* We will not disturb the verdict "unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." *Id.* (quotation omitted).

*Commonwealth v. Forrey*, 108 A.3d 895, 897 (Pa. Super. 2015).

In addition, when challenging the sufficiency of the evidence,

an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient. "Such specificity is of particular importance in cases where, as here, the appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt."

*Commonwealth v. Garland*, 63 A.3d 339, 344 (Pa. Super. 2013) (quoting

*Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa. Super. 2009); *see also*

*Commonwealth v. Veon*, --- A.3d ---, 2015 PA Super 26, 2015 WL 500887, at *15-16, 2015 Pa. Super. LEXIS 36, at *38-40 (filed Feb. 6, 2015) (concluding Rule 1925(b) statement "[t]he evidence was insufficient to prove beyond a reasonable doubt that Mr. Veon committed any crime whatsoever" waived review of sufficiency of the evidence).

Instantly, Appellant's Rule 1925(b) statement on his first issue is identical to his general, non-specific question presented:

Was the evidence produced at trial sufficient to sustain the [Appellant's] conviction of burglary, criminal trespass, receiving stolen property, theft by unlawful taking and possessing instruments of crime?

Appellant's Concise Issues, 10/8/14, ¶ 1.

We are constrained to find Appellant's first issue waived. Appellant failed to specify on which elements of which crimes he believes the evidence is insufficient. Although Appellant's Rule 1925(b) is not as general as the statements in *Garland* and *Veon* (which did not mention crimes), his

statement is far too non-specific to be preserved. Appellant provides a laundry list of six crimes with disparate elements for which he claims the evidence is insufficient. It is not the duty of this Court to scour the record and make Appellant's arguments for him. Accordingly, we are constrained to find that Appellant has waived review of his first issue.

Even if we could review this issue, Appellant's argument is meritless. Appellant offers an alternative, exculpatory version of the facts.[4] He claims he was merely retrieving digital memory cards from trail cameras in the woods surrounding Martin Auto Wreckers. Appellant, an avid hunter, states he could not have committed burglary or criminal trespass, because Halfhill forced him into the shop at gunpoint. He also disavows knowing that the tools in the ATV saddlebags were stolen. Appellant does not acknowledge the standard that applies to the sufficiency of the evidence. We cannot

_____

[4] Appellant failed to set forth the facts of this case in the section of his brief entitled "statement of the case." Instead, he provided a six-sentence summary of procedural history irrelevant to the issues raised. Appellant's brief violates Rule 2117(a)(4), which requires an appellant to set forth "[a] closely condensed chronological statement, in narrative form, **of all the facts which are necessary to be known in order to determine the points in controversy, with an appropriate reference in each instance to the place in the record where the evidence substantiating the fact relied on may be found**." Pa.R.A.P. 2117(a)(4) (emphasis added); **see also Commonwealth v. Maris**, 629 A.2d 1014, 1016 (Pa. Super. 1993) (quashing appeal because, among other reasons, appellant's statement of the case "only attempts to provide some minimal information regarding the procedural and factual history of the case"). Nevertheless, we decline to find waiver on this basis.

weigh the evidence, and we must accept as true the facts supporting the verdict-winner, *i.e.*, the **Commonwealth's** version of events. Therefore, we must accept as true the testimony of Halfhill and his son: that they caught Appellant burglarizing Martin Auto Wreckers, that Halfhill confronted Appellant, that a struggle ensued, and that Appellant stole Halfhill's tools. In essence, Appellant argues his testimony is more credible than that of Halfhill and his son. Credibility disputes, however, concern the weight of the evidence, not its sufficiency. **See Vogelsong**, 90 A.3d at 719.

In his second argument, Appellant challenges the sufficiency of evidence of simple assault. He contends the Commonwealth failed to prove that he attempted by physical menace to place Martin Halfhill in fear of imminent serious bodily injury. We disagree.

As charged in this case, a person is guilty of simple assault if he "attempts by physical menace to put another in fear of imminent serious bodily injury." 18 Pa.C.S.A. § 2701(a)(3); **see also Commonwealth v. Eckrote**, 12 A.3d 383, 386 (Pa. Super. 2010) (finding sufficient evidence of simple assault where defendant charged at victim, grabbed her, and forced her into car against her will).

The evidence shows that Halfhill encountered Appellant in the middle of the night inside his business. Appellant was wearing a hoodie drawn about his face, and was holding two large wrenches in his hand. Even though Halfhill was armed, Appellant advanced on him brandishing the wrenches. Appellant struggled with him and grabbed a fire extinguisher that

discharged. While it is true that Halfhill had a firearm and Appellant did not, it is reasonable to infer that Appellant could have gained control of the firearm during the struggle. Moreover, it is reasonable to infer that Halfhill was in fear of serious bodily injury given that Appellant could have caused serious bodily injury by using the wrenches or the fire extinguisher as weapons. Viewing all the evidence, and all reasonable inferences derivable therefrom, in a light most favorable to the Commonwealth, we conclude sufficient evidence supports Appellant's conviction of simple assault.

In his final argument, Appellant contends the Commonwealth presented insufficient evidence of harassment. As charged in this case, "[a] person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person . . . strikes, shoves, kicks or otherwise subjects the other person to physical contact, or attempts or threatens to do the same." 18 Pa.C.S.A. § 2709(a)(1); *see also Commonwealth v. Emler*, 903 A.2d 1273, 1279 (Pa. Super. 2006) (finding sufficient evidence of harassment where defendant "grabbed [the victim] from behind in a choking hold, pinned him to the ground with his heavier body, and struggled with him for control of a loaded shotgun").

Here, Appellant advanced on Halfhill armed with two wrenches and had to be wrestled to the ground. The evidence recited above without a doubt shows that Appellant subjected, or attempted to subject, Halfhill to physical contact with the intent to harass, annoy, or alarm.

In sum, Appellant's assignments of error are waived or without merit.

We accordingly affirm the judgments of sentence.

Judgments of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/13/2015