J-S43015-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRAD GOLDSTEIN, | |
| Appellant | No. 2472 EDA 2014 |

Appeal from the Judgment of Sentence of August 12, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011268-2013

BEFORE:  GANTMAN, P.J., PANELLA AND OLSON, JJ.

MEMORANDUM BY OLSON, J.:                     **FILED AUGUST 26, 2015**

Appellant, Brad Goldstein, appeals from the judgment of sentence entered on August 12, 2014.  We affirm.

The factual background and procedural history of this case are as follows.    On April 19, 2013, Bob Weiss ["the Decedent"] died.  On April 22, 2013, the administrator of the Decedent's estate, Craig Weiss, received a call that the alarm at the Decedent's former residence ("the Property") was going off.  On April 24, 2013, Paul Halalambidis ("Halalambidis"), the Decedent's former neighbor, witnessed Appellant walking up the Property's driveway.  Appellant informed Halalambidis that he was the Decedent's son when, in fact, he is the Decedent's nephew.  Appellant also mentioned the Decedent's recent death during the conversation with Halalambidis.

On May 1, 2013, Craig Weiss went to the Property. He noticed that the glass on the rear door bad been broken. Inside of the Property, Craig Weiss observed that the Decedent's safe had been emptied of its valuable contents. When police arrived at the scene, they were able to recover two fingerprints from the broken glass. At trial, Appellant and the Commonwealth stipulated that they were Appellant's fingerprints. Also at trial, Craig Weiss testified that the Decedent's sisters and caregiver were permitted in the residence. Craig Weiss testified, however, that Appellant did not have permission to enter the Property and did not have permission to empty the safe.

On September 17, 2013, Appellant was charged via criminal information with burglary,[1] criminal trespass,[2] theft by unlawful taking,[3] receiving stolen property,[4] and criminal mischief.[5] On June 3, 2014, Appellant proceeded to a bench trial and was found guilty of all charges. On

---

[1] 18 Pa.C.S.A. § 3502(c)(1).

[2] 18 Pa.C.S.A. § 3503(1)(1)(ii).

[3] 18 Pa.C.S.A. § 3921(a).

[4] 18 Pa.C.S.A. § 3925(a).

[5] 18 Pa.C.S.A. § 3304(a)(2).

August 12, 2014, Appellant was sentenced to an aggregate term of three to six years' imprisonment. This timely appeal followed.[6]

Appellant presents one issue for our review:

Was not the evidence insufficient to support the convictions of burglary, criminal trespass, theft by unlawful taking, receiving stolen property[,] and criminal mischief in that the Commonwealth failed to prove that [A]ppellant entered the [P]roperty [] on April 22, 2013 and committed any crimes, as others had access to the property, and [A]ppellant may have had lawful permission to be in the property prior to the crimes being committed by someone else?

Appellant's Brief at 3.

Appellant claims that the evidence was insufficient to convict him of any crime. "Whether sufficient evidence exists to support the verdict is a question of law; our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Tejada***, 107 A.3d 788, 792 (Pa. Super. 2015) (citation omitted). In reviewing a sufficiency of the evidence claim, we must determine whether "viewing all the evidence admitted at trial in the light most favorable to the Commonwealth as the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." ***Commonwealth v. Gonzalez***, 109 A.3d 711, 716 (Pa. Super. 2015) (internal alteration and citation omitted).

---

[6] On September 9, 2014, the trial court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). ***See*** Pa.R.A.P. 1925(b). On October 2, 2014, Appellant filed his concise statement. On November 17, 2014, the trial court issued its Rule 1925(a) opinion. Appellant's lone issue on appeal was included in his concise statement.

"The evidence does not need to disprove every possibility of innocence, and doubts as to guilt, the credibility of witnesses, and the weight of the evidence are for the fact-finder to decide." *Commonwealth v. Forrey*, 108 A.3d 895, 897 (Pa. Super. 2015) (citation omitted).

Appellant makes only one argument with respect to the sufficiency of the evidence for all of his convictions – that he did not enter the Property. Appellant's main contention is that the convictions were based solely on fingerprint evidence in a public area. He further contends that there was no evidence the fingerprints were fresh. Appellant cites a long line of cases in which this Court has overturned convictions where the only evidence were fingerprints found in a public area. *E.g. In re M.J.H.*, 988 A.2d 694, 698 (Pa. Super. 2010).

Appellant's argument is flawed for two reasons. First, in addition to the fingerprints recovered from the broken glass that was used to access the Property, there was additional evidence that he entered the Property. Appellant was a relative and knew of the Decedent's death. Based on the evidence, the fact-finder concluded that Appellant knew that the Property would be vacant. *See* Trial Court Opinion, 11/17/14, at 4-5. Just two days after the burglary, Appellant was seen in the Decedent's driveway. Appellant lied about his identity when speaking to Halalambidis and quickly left the scene of the crime after he was spotted. There is no innocent

explanation for Appellant's conduct after the burglary which clearly shows consciousness of guilt. Thus, the cases cited by Appellant are inapposite.

Second, Appellant's fingerprints were not in a public place. Instead, they were on the back door glass of a private residence. As noted above, Craig Weiss testified that Appellant lacked authority to enter the Property. Appellant presented no evidence at trial to suggest that he had recently been invited into the Property by the Decedent or his sisters. Instead, Appellant merely speculates that he may have had permission to enter the Property at some prior time. This differs from **M.J.H.**, in which the Commonwealth conceded that the defendant was in the store a week prior to the crime. Therefore, unlike the case *sub judice*, M.J.H.'s fingerprints were actually in a public place and there was evidence the defendant had legally been in the location only a week prior.

Appellant also argues that other individuals had access to the Property. As noted in the factual recitation above, Craig Weiss testified at trial that the Decedent's sisters and caretaker had permission to enter the Property. This provides another theory for how the items in the safe went missing; however, "[t]he evidence does not need to disprove every possibility of innocence[.]" **Forrey**, 108 A.3d at 897 (citation omitted). There was no evidence to support Appellant's theory that the Decedent's sisters and/or caretaker emptied the safe. The other individuals' access to the Property, therefore, only went to the weight of the evidence at trial and

not its sufficiency. Accordingly, we conclude that there was sufficient evidence that Appellant entered the Property and removed the contents of the safe.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/26/2015