J-A22035-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NATHAN RICHARD WILSON, | |
| Appellant | No. 2117 MDA 2014 |

Appeal from the Judgment of Sentence August 4, 2014
in the Court of Common Pleas of York County
Criminal Division at No.: CP-67-CR-0004392-2013

BEFORE:  BOWES, J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                **FILED SEPTEMBER 17, 2015**

Appellant, Nathan Richard Wilson, appeals from the judgment of sentence imposed after his conviction, following a jury trial, of driving under the influence (DUI) (general impairment), second offense; DUI (controlled substance), second offense; DUI (controlled substance combination alcohol and drug), second offense; failure to obey traffic control devices; and endangering the welfare of a child.[1]  We affirm.

We take the following facts and procedural history from the trial court's February 6, 2015 opinion and our own independent review of the record.  On May 6, 2013, at approximately 11:40 p.m., Penn Township

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. §§ 3802(a)(1), (d)(2), (3), 3111(a), and 18 Pa.C.S.A. § 4304(a)(1), respectively.

Police Officer Joseph O'Brien initiated a traffic stop when a gray Toyota Camry made an illegal left turn and ignored "Do Not Enter" and "No Left Turn" signs. Once Officer O'Brien stopped the vehicle, Appellant, the driver, stumbled and almost fell out of it. Officer O'Brien ordered Appellant back into the car. Upon approaching, Officer O'Brien detected an odor of alcohol, and observed a female passenger in the front seat and an infant in a car seat in the rear. Appellant exhibited slow and slurred speech, his eyes seemed heavy, he admitted to consuming beer earlier in the evening, and he performed poorly on field sobriety tests. Penn Township Police Sergeant Jedadiah Shearer arrived on the scene and conducted the Romberg balance test on Appellant. Sergeant Shearer believed that Appellant was on a depressant.

The police arrested Appellant and transported him to Hanover General Hospital for a blood draw. After receiving **Miranda**[2] warnings, Appellant admitted to taking several pills: Aleve; Xanax; and an unknown yellow pill, later determined to be headache medicine. He remained silent for over ten minutes and then refused to have his blood drawn.

On July 25, 2013, the Commonwealth filed an information charging Appellant with failing to obey traffic control devices, endangering the welfare

---

[2] **Miranda v. Arizona**, 384 U.S. 436 (1966).

of a child, and three counts of DUI. Appellant's first jury trial resulted in a mistrial on March 7, 2014.

On June 5, 2014, another jury convicted Appellant of all five counts and the trial court ordered a pre-sentence investigation. On August 4, 2014, the court sentenced Appellant to an aggregate term of not less than six months' nor more than twelve months' incarceration, a $2,500.00 fine, and one hundred hours of community service.[3] Appellant timely filed post-sentence motions on August 6, 2014.

The court denied all but one of Appellant's post-sentence motions on September 26, 2014.[4] On December 12, 2014, Appellant requested an order denying the remaining post-sentence motion and filed a notice of appeal. On December 18, 2014, the court denied the remaining post-sentence motion by operation of law and ordered Appellant to file a Rule 1925(b) statement.[5]

_____

[3] The court originally sentenced Appellant on July 29, 2014. (*See* N.T. Sentence, 7/29/14, at 8-9). On August 4, 2014, at the Commonwealth's request, the court amended the sentence to merge the sentences for counts one (DUI: general impairment) and four (DUI: controlled substance) into the sentence for count five (DUI: controlled substance combination alcohol and drug). (*See* Motion to Amend Sentence, 8/01/14; Order, 8/04/14).

[4] The court denied Appellant's post-sentence motions on weight and sufficiency of the evidence; and took under advisement endangering welfare of a child. (*See* N.T. Post-Sentence Motion, 9/26/14, at 5-6).

[5] Appellant filed his notice of appeal while his post-sentence motion was pending. However, because the court subsequently entered the final order, *(Footnote Continued Next Page)*

- 3 -

Appellant timely filed his Rule 1925(b) statement on January 8, 2015. *See* Pa.R.A.P. 1925(b). The court entered its Rule 1925(a) opinion on February 6, 2015. *See* Pa.R.A.P. 1925(a).

Appellant raises the following questions for our review:

1. Did the Commonwealth, as a matter of law, provide insufficient evidence to meet its burden of proof in regard to Count 3—Endangering the Welfare of Children where [Appellant] did not exhibit unsafe driving as the only violation committed was one that Sergeant Shearer had observed from several other unimpaired motorists, and the Commonwealth could not establish any other tangible indicia of unsafe driving that would have violated a duty of care or created a substantial risk of injury to the child who was fastened in a child's safety seat in the rear of the car[?]

2. Whether the trial court's verdict of guilt as to Count 3—Endangering the Welfare of Children was against the weight of the evidence as [Appellant] had the child in a car safety seat, drove in an unimpaired manner, and neither officer could qualify how [Appellant] was impaired due to alcohol alone, a drug or combination of drugs, or alcohol and a drug or combination of drugs[?]

3. Whether the trial court's verdict of guilt as to 75 Pa.C.S.A. §3802(a)(1)—DUI: General Impairment was against the weight of the evidence as the [o]fficers were unable to link any observations of unsafe driving to [Appellant] and the Commonwealth's evidence did not establish that [Appellant's] mental and physical faculties were impaired by alcohol to such a degree that he could not safely operate a motor vehicle[?]

4. Whether the trial court's verdict of guilt as to 75 Pa.C.S.A. §3802(d)(2)—DUI: Controlled Substance—Impaired Ability was against the weight of the evidence as the [o]fficers were unable

_____
*(Footnote Continued)* _____

the notice of appeal is deemed filed on the same date as the final order. *See* Pa.R.A.P. 905(a).

- 4 -

to link any observations of unsafe driving to [Appellant] and the Commonwealth's evidence did not establish that [Appellant's] mental and physical faculties were impaired by a drug or combination of drugs to such a degree that he could not safely operate a motor vehicle[?]

5.    Whether the trial court's verdict of guilt as to 75 Pa.C.S.A. §3802(d)(3)—DUI:  Controlled  Substance—Combination  of Alcohol and a Drug or Combination of Drugs was against the weight of the evidence as the [o]fficers were unable to link any observations of unsafe driving to [Appellant] and the Commonwealth's evidence did not establish that [Appellant's] mental and physical faculties were impaired by alcohol and a drug or combination of drugs to such a degree that he could not safely operate a motor vehicle[?]

(Appellant's Brief, at 1-2).

In his first issue, Appellant challenges the sufficiency of the evidence to sustain an endangering the welfare of a child conviction.  (**See id.** at 28-39).   He argues that "[w]ithout first establishing any evidence of impairment, the Commonwealth could not possibly have met its burden . . . [and] wishes to impose liability upon [him] based solely upon the fact that he was driving while intoxicated."  (**Id.** at 29).  Further, he "suggests that a defendant does not automatically endanger a child knowingly when [he] operate[s] a vehicle under the influence of an intoxicating beverage without more."  (**Id.** at 37).  We disagree.

It is well-settled that:

In challenges to the sufficiency of the evidence, our standard of review is *de novo,* however, our scope of review is limited to considering the evidence of record, and all reasonable inferences arising therefrom, viewed in the light most favorable to the Commonwealth as the verdict winner.   Evidence is sufficient if it can support every element of the crime charged beyond a reasonable doubt.   The evidence does not need to

- 5 -

disprove every possibility of innocence, and doubts as to guilt, the credibility of witnesses, and the weight of the evidence are for the fact-finder to decide. We will not disturb the verdict unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances.

***Commonwealth v. Forrey***, 108 A.3d 895, 897 (Pa. Super. 2015) (citations and quotation marks omitted).

As charged in this case, "[a] parent, guardian or other person supervising the welfare of a child under 18 years of age . . . commits an offense if he knowingly endangers the welfare of the child by violating a duty of care, protection or support." 18 Pa.C.S.A. § 4304(a)(1).

The statute does **not** require the actual infliction of physical injury. Nor does it state a requirement that the child or children be in imminent threat of physical harm. Rather it is the awareness by the accused that [his] violation of [his] duty of care, protection and support is practically certain to result in the endangerment to [the] children's welfare, which is proscribed by the statute.

Further, a person must take affirmative, reasonable steps to protect the child:

The affirmative performance required by [Section] 4304 cannot be met simply by showing any step at all toward preventing harm, however incomplete or ineffectual. An act which will negate intent is not necessarily one which will provide a successful outcome. However, the person charged with the duty of care is required to take steps that are reasonably calculated to achieve success. Otherwise, the meaning of the duty of care is eviscerated.

***Commonwealth v. Winger***, 957 A.2d 325, 329-30 (Pa. Super. 2008) (citations and quotation mark omitted; emphasis in original). The Court in

***Winger*** found a grossly intoxicated driver properly charged with endangering the welfare of a child where a car seat secured the child and there was no evidence of erratic driving. ***See id.*** at 331.

Here, Officer O'Brien initiated a traffic stop when Appellant made an illegal left turn and ignored "Do Not Enter" and "No Left Turn" signs. (N.T. Trial, 6/05/14, at 67; ***see id.*** at 69-70). Appellant stumbled and almost fell out of the vehicle when Officer O'Brien ordered him back into the car. (***See id.*** at 71). Officer O'Brien detected an odor of alcohol and observed an infant in a car seat. (***See id.*** at 72). Appellant exhibited slow and slurred speech, his eyes seemed heavy, he admitted to consuming beer earlier in the evening, and he performed poorly on field sobriety tests. (***See id.*** at 72, 76-77). Sergeant Shearer conducted the Romberg balance test on Appellant and believed that he was on a depressant. (***See id.*** at 129-30). Appellant admitted to taking several pills: Aleve; Xanax; and an unknown yellow pill, later determined to be headache medicine. (***See id.*** at 83-84, 131).

Accordingly, viewing the evidence in the light most favorable to the Commonwealth, we conclude that it was sufficient to sustain the jury's conviction of endangering the welfare of a child. ***See Forrey***, ***supra*** at 897; ***Winger***, ***supra*** at 329-30.

In his remaining four issues, Appellant challenges the weight of the evidence. (*See* Appellant's Brief, at 39-48).[6] These issues lack merit.

Our standard of review is well-settled:

The weight given to trial evidence is a choice for the factfinder. If the factfinder returns a guilty verdict, and if a criminal defendant then files a motion for a new trial on the basis that the verdict was against the weight of the evidence, a trial court is not to grant relief unless the verdict is so contrary to the evidence as to shock one's sense of justice.

When a trial court denies a weight-of-the-evidence motion, and when an appellant then appeals that ruling to this Court, our review is limited. It is important to understand we do not reach the underlying question of whether the verdict was, in fact, against the weight of the evidence. We do not decide how we would have ruled on the motion and then simply replace our own judgment for that of the trial court. Instead, this Court determines whether the trial court abused its discretion in reaching whatever decision it made on the motion, whether or not that decision is the one we might have made in the first instance.

Moreover, when evaluating a trial court's ruling, we keep in mind that an abuse of discretion is not merely an error in judgment. Rather, it involves bias, partiality, prejudice, ill-will, manifest unreasonableness or a misapplication of the law. By contrast, a proper exercise of discretion conforms to the law and is based on the facts of record.

---

[6] We note that in his second issue, Appellant states he "believes that the established case law clearly goes to the sufficiency of the evidence. However, out of an abundance of caution he argues in the alternative that the verdict was against the greater weight of the evidence." (Appellant's Brief, at 39). In his third, fourth, and fifth issues, Appellant argues sufficiency rather than weight. (*See id.* at 40-48).

. . . [W]e note that the jury is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. . . .

**Commonwealth v. Ferguson**, 107 A.3d 206, 212-13 (Pa. Super. 2015) (citations and quotation marks omitted).

In his second issue, Appellant claims that "[t]he trial court's verdict of guilt was against the weight of the evidence because the Commonwealth did not establish that [he] [e]ndangered the [w]elfare of a [c]hild." (Appellant's Brief, at 39). Specifically, he argues that "[t]he [] only support for this offense was that [he] was charged with DUI while a minor was . . . properly fastened in a child's safety seat . . . [and] there was nothing to suggest erratic or reckless driving." (**Id.**). We disagree.

As previously discussed, endangering the welfare of a child does not require evidence of erratic driving. **See Winger**, **supra** at 329-30. Moreover, our independent review of the record reflects that there was ample evidence for the jury to convict Appellant of endangering the welfare of a child.

Accordingly, we discern no abuse of discretion in the trial court's determination that the jury's verdict did not shock one's sense of justice. **See Ferguson**, **supra** at 212-13. Therefore, Appellant's second issue lacks merit.

In his third, fourth, and fifth issues, Appellant claims that his convictions of DUI were against the weight of the evidence because the evidence did not establish that his mental and physical faculties were

impaired to prevent him from safely operating a motor vehicle. (*See* Appellant's Brief, at 40-48). Specifically, he asserts there was a "lack of sufficiently articulating any link between the observations and perceptions Officer O'Brien and Sergeant Shearer made to [Appellant's] impairment." (*Id.* at 42; *see id.* at 43, 46). We disagree.

Our independent review of the record reflects that Officer O'Brien observed Appellant disregard traffic signs and make an illegal left turn, (*see* N.T. Trial, 6/05/14, at 67, 69-70), and "stumble[], almost [fall] out of the car[.]" (*Id.* at 71). Both Officer O'Brien and Sergeant Shearer testified about Appellant's poor performance on field sobriety tests, and their observations of his slow and slurred speech, and heavy eyes. (*See id.* at 71, 76-77, 128-30). Therefore, there was ample evidence for the jury to convict Appellant of three counts of DUI.

Accordingly, we discern no abuse of discretion in the trial court's determination that the jury's verdict did not shock one's sense of justice. *See Ferguson*, *supra* at 212-13. Therefore, Appellant's third, fourth, and fifth issues lack merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/17/2015

- 10 -