J-S49025-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL A. WASHINGTON | |
| Appellant | No. 2812 EDA 2015 |

Appeal from the Judgment of Sentence August 20, 2015
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0002998-2014

BEFORE:  PANELLA, OLSON, JJ. and STEVENS, P.J.E.*

MEMORANDUM BY OLSON, J.:                          **FILED JULY 22, 2016**

Appellant, Michael A. Washington, appeals from the judgment of sentence entered on August 20, 2015, as made final by the denial of his post-sentence motion on August 25, 2015.  We affirm.

The trial court accurately summarized the factual background of this case as follows:

> At approximately 11:00 [p.m.] on June 19, 2014, Sergeant Walter Powell of the Downingtown Police Department was dispatched . . . to a report of an armed robbery. . . . Rochelle Sweeney [("Sweeney")], reported that, while she was inside her residence with her two minor children, she opened the front door when someone knocked, expecting it to be her mother at the door.  Sweeney testified that when she opened the door [Appellant] was pointing a gun at her.  [Appellant] forced himself into her residence.  [Appellant] instructed Sweeney to go to the back door of the residence and to open it, whereupon two [co-conspirators] entered the residence.  Before leaving, [the co-conspirators] loaded trash bags with baby items and sneakers.  The value of the sneakers alone, without taking into account the

---

* Former Justice specially assigned to the Superior Court.

baby items, was approximately $5,000.00. [The co-conspirators] exited the residence. Before he left, [Appellant] pointed his gun at Sweeney and her minor children and stated that if Sweeney called the police he would come back and kill the children.

Sweeney called the police. Sgt. Powell responded to the residence and started an investigation with Detective Paul Trautmann. [On July 16, 2014, the West Chester Police Department informed the Downingtown Police Department that an informant stated that Appellant was involved the robbery of Sweeney.] On July 17, 2014, Det. Trautmann prepared three separate photo lineups. Sweeney was not informed about any of the identities of the males in the photos that were presented to her. Sweeney identified a photo of [Appellant].

Trial Court Opinion, 11/25/15, at 2-4 (internal citations, paragraph numbers, certain paragraph breaks, and certain honorifics omitted).

The procedural history of this case is as follows. On October 9, 2014, Appellant was charged via criminal information with 17 offenses including, *inter alia*, two counts of robbery,[1] two counts of conspiracy to commit robbery,[2] burglary,[3] conspiracy to commit burglary,[4] making terroristic threats,[5] theft by unlawful taking,[6] conspiracy to commit theft by unlawful

---

[1] 18 Pa.C.S.A. § 3701(a)(1)(iv).

[2] 18 Pa.C.S.A. §§ 903, 3701.

[3] 18 Pa.C.S.A. § 3502(a)(1).

[4] 18 Pa.C.S.A. §§ 903, 3502.

[5] 18 Pa.C.S.A. § 2706(a)(1).

[6] 18 Pa.C.S.A. § 3921(a).

J-S49025-16

taking,[7] witness intimidation,[8] and possession of a firearm by a prohibited person.[9]   On June 1, 2015, Appellant filed an omnibus pre-trial motion. Included within that motion was a request that the Commonwealth reveal the identity of the informant.   On July 2, 2015, the trial court denied Appellant's request to compel identification of the informant.

On July 15, 2015, Appellant was convicted of all the above listed offenses.[10]   On August 20, 2015, Appellant was sentenced to an aggregate term of 14 to 28 years' imprisonment.   On August 25, 2015, Appellant filed a post-sentence motion.   The trial court denied the post-sentence motion that same day.   This timely appeal followed.[11]

Appellant presents three issues for our review:

1. Did the [trial] court err in denying [Appellant's] motion for judgment of acquittal?

_____

[7] 18 Pa.C.S.A. §§ 903, 3921.

[8] 18 Pa.C.S.A. § 4952(a)(1).

[9] 18 Pa.C.S.A. § 6105(a)(1).

[10] The trial court found Appellant guilty of possession of a firearm by a prohibited person and a jury found Appellant guilty of the remaining charges.

[11] On September 16, 2015, the trial court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement").   **See** Pa.R.A.P. 1925(b).   Appellant filed his concise statement on September 24, 2015.   The trial court issued its Rule 1925(a) opinion on November 25, 2015.   Appellant included all issues raised on appeal in his concise statement.

2. Did the [trial] court err in denying [Appellant's] pre-trial request to have the Commonwealth disclose the identity of [the informant]?

3. Did the trial court err in denying [Appellant's] post-[sentence] motion challenging the weight of the evidence?

Appellant's Brief at 3.[12]

In his first issue, Appellant argues that the evidence was insufficient to convict him of any offense. Specifically, Appellant argues that the Commonwealth's entire case rested upon Sweeney's identification of him as one of the robbers. He argues that this identification was flawed and, without this identification, there was insufficient evidence to convict him of any offense.

"Whether sufficient evidence exists to support the verdict is a question of law; our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Tejada***, 107 A.3d 788, 792 (Pa. Super. 2015), *appeal denied*, 119 A.3d 351 (Pa. 2015) (citation omitted). In reviewing a sufficiency of the evidence claim, we must determine "whether the evidence presented at trial, and all reasonable inferences drawn therefrom, viewed in a light most favorable to the Commonwealth as the verdict winner, support the [] verdict beyond a reasonable doubt." ***Commonwealth v. Benito***, 133 A.3d 333, 335 (Pa. Super. 2016) (citation omitted). "The evidence does not need to disprove every possibility of innocence, and doubts as to guilt, the credibility of witnesses, and the

---

[12] We have re-numbered the issues for ease of disposition.

weight of the evidence are for the fact-finder to decide." **Commonwealth v. Forrey**, 108 A.3d 895, 897 (Pa. Super. 2015) (citation omitted).

Appellant argues that Sweeney's identification was insufficient to find him guilty because she met Appellant several weeks prior to the incident in question yet failed to identify Appellant until she was shown a lineup which included Appellant's photograph.[13] He argues that in order for Sweeney's identification to be reliable, it needed to be made immediately after the incident in question. This Court has held, however, that eyewitness identification of a defendant is sufficient to prove a defendant was the perpetrator of an offense. **See Commonwealth v. Kendricks**, 30 A.3d 499, 509 (Pa. Super. 2011), *appeal denied*, 46 A.3d 716 (Pa. 2012). Appellant's argument goes to the weight of the evidence, not its sufficiency. **See Commonwealth v. Brewington**, 740 A.2d 247, 251 (Pa. Super. 1999), *appeal denied*, 758 A.2d 660 (Pa. 2000). Accordingly, there was sufficient evidence to convict Appellant.

In his second issue, Appellant argues that the trial court erred in denying his request to disclose the informant's identity. Appellant first contends that disclosure of the informant's identity was mandatory under **Brady v. Maryland**, 373 U.S. 83 (1963). This argument is without merit because "[t]he constitutional duty to disclose under **Brady** encompasses

---

[13] Appellant concedes that his remaining challenges to the sufficiency of the evidence are in fact challenges to the weight of the evidence. **See** Appellant's Brief at 9-13.

only exculpatory evidence, it is not a general rule of discovery in criminal cases." ***Commonwealth v. Williams***, 86 A.3d 771, 786 (Pa. 2014) (citation omitted). In this case, the informant's identity was not exculpatory. Accordingly, disclosure of the informant's identity was not mandatory under ***Brady***.

Alternatively, Appellant argues that the trial court's failure to compel the Commonwealth to disclose the informant's identity violated Pennsylvania Rule of Criminal Procedure 573(B)(2)(a)(iv). That rule provides that the trial court may order the disclosure of an informant's identity if the informant's identity is (1) material to the preparation of the defense; (2) is reasonable; and (3) is in the interest of justice. ***See*** Pa.R.Crim.P. 573(B)(2)(a)(iv). "Our standard of review of claims that a trial court erred in its disposition of a request for disclosure of an informant's identity is confined to abuse of discretion." ***Commonwealth v. Washington***, 63 A.3d 797, 801 (Pa. Super. 2013) (citation omitted).

In this case, Appellant failed to prove that the informant's identity was material to the preparation of his defense. Appellant argues that it was material because Sweeney only identified Appellant as a perpetrator of the offense as a result of rumors circulating in the community. ***See*** Appellant's Brief at 18. Appellant, however, did not need the informant's identity in order to be able to cross-examine Sweeney about rumors concerning the identity of the three men who invaded her home and robbed her and her

children.  Appellant could have cross-examined Sweeney, who testified at trial, as to any rumors she heard, including the source of those rumors.  The informant's identity was immaterial to this line of questioning.  Accordingly, we ascertain no abuse of discretion on the part of the trial court in denying Appellant's motion to compel disclosure of the informant's identity.

Finally, Appellant argues that the verdict was against the weight of the evidence.  A challenge to the weight of the evidence must first be raised at the trial level "(1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion."  *In re J.B.*, 106 A.3d 76, 97 (Pa. 2014) (citation omitted).  Appellant failed to raise his weight of the evidence claim prior to filing his concise statement.  He failed to raise a challenge to the weight of the evidence, via either written or oral motion, prior to sentencing.  *See generally* N.T., 8/20/15.[14]  Furthermore, he failed to raise a weight of the evidence claim in his post-sentence motion.  *See generally* Post-Sentence Motion, 8/25/15 (raising only claims related to the disclosure of the informant's identity, the sufficiency of the evidence, and the discretionary aspects of sentencing).  Accordingly, Appellant has waived his weight of the evidence claim.

Judgment of sentence affirmed.

---

[14] Appellant did not have the notes of testimony transcribed for the conclusion of trial, *i.e.*, after the jury returned its verdict.  *See* N.T., 7/15/15, at 393.  As such, Appellant has waived any claim that he preserved the issue at that time.  *See* Pa.R.A.P. 1911(d); *see also* Pa.R.A.P. 2117(c).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/22/2016