J-S20017-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JASON PHILLIP THOMAS, | |
| Appellant | No. 805 WDA 2015 |

Appeal from the Judgment of Sentence of April 22, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0001973-2014

BEFORE:  PANELLA, OLSON and PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED MARCH 11, 2016**

Appellant, Jason Phillip Thomas, appeals from the judgment of sentence entered on April 22, 2015.  On this direct appeal, Appellant's court-appointed counsel filed both a petition to withdraw as counsel and an accompanying brief pursuant to **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981), and its federal predecessor, **Anders v. California**, 386 U.S. 738 (1967).  We conclude that Appellant's counsel has complied with the procedural requirements necessary to withdraw.  Furthermore, after independently reviewing the record, we conclude that the appeal is wholly frivolous.  We, therefore, grant counsel's petition to withdraw and affirm the judgment of sentence.

The factual background and procedural history of this case are as follows.  On April 8, 2014, Appellant shot and stabbed Stephon Bibbs

---

* Retired Senior Judge assigned to the Superior Court

("Bibbs"), who lived in the apartment above Appellant, on the landing of their building's steps. Appellant then stole Bibbs' wallet and clothing. The gun used in the murder was stolen and two other individuals were inside the residence when the murder occurred.

On August 7, 2014, Appellant was charged via criminal information with first-degree murder,[1] aggravated assault,[2] robbery,[3] two counts of receiving stolen property,[4] two counts of possessing an instrument of crime,[5] three counts of recklessly endangering another person,[6] and theft by unlawful taking.[7] On March 5, 2015, Appellant was found guilty of all 11 charged offenses. On April 22, 2015, Appellant was sentenced to an aggregate term of life imprisonment without the possibility of parole. This timely appeal followed.[8]

Appellant's counsel raises one issue in his **Anders** brief:

---

[1] 18 Pa.C.S.A. § 2502(a).

[2] 18 Pa.C.S.A. § 2702(a)(1).

[3] 18 Pa.C.S.A. § 3701(a)(1)(i).

[4] 18 Pa.C.S.A. § 3925(a).

[5] 18 Pa.C.S.A. § 907(a).

[6] 18 Pa.C.S.A. § 2705.

[7] 18 Pa.C.S.A. § 3921(a).

[8] On June 8, 2015, Appellant filed a concise statement of errors complained of on appeal ("concise statement"). **See** Pa.R.A.P. 1925(b). On June 11, 2015, the trial court issued its Rule 1925(a) opinion.

Whether there was sufficient evidence to find Appellant guilty of [f]irst[-d]egree [m]urder, [r]obbery[,] and related charges[?]

*Anders* Brief at 4.

Before reviewing the merits of this appeal, this Court must first determine whether counsel has fulfilled the necessary procedural requirements for withdrawing as counsel. *See Commonwealth v. Flowers*, 113 A.3d 1246, 1248-1249 (Pa. Super. 2015) (citation omitted). To withdraw under *Anders*, court-appointed counsel must satisfy certain technical requirements. "First, counsel must petition the court for leave to withdraw and state that after making a conscientious examination of the record, he has determined that the appeal is frivolous." *Commonwealth v. Bynum-Hamilton*, 2016 PA Super 39, 7 (Pa. Super. 2016), *quoting Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009). Second, counsel must file an *Anders* brief, in which counsel:

(1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous.

*Commonwealth v. Hankerson*, 118 A.3d 415, 419-420 (Pa. Super. 2015), *quoting Santiago*, 978 A.2d at 361.

Finally, counsel must furnish a copy of the *Anders* brief to his client and "advise[] him of his right to retain new counsel, proceed *pro se*[,] or raise any additional points that he deems worthy of the court's attention,

and attach[] to the **Anders** petition a copy of the letter sent to the client."

**Commonwealth v. Daniels**, 999 A.2d 590, 594 (Pa. Super. 2010) (citation omitted).

If counsel meets all of the above obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Santiago**, 978 A.2d at 355 n.5, *quoting* **McClendon**, 434 A.2d at 1187. It is only when both the procedural and substantive requirements are satisfied that counsel will be permitted to withdraw. In the case at bar, counsel has met all of the above procedural obligations. We now turn to whether this appeal is wholly frivolous.[9]

The lone issue raised in counsel's **Anders** brief is whether the evidence was sufficient to find Appellant guilty. "Whether sufficient evidence exists to support the verdict is a question of law; our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Tejada**, 107 A.3d 788, 792 (Pa. Super. 2015), *appeal denied*, 119 A.3d 351 (Pa. 2015) (citation omitted). In reviewing a sufficiency of the evidence claim, we must determine whether "viewing all the evidence admitted at trial in the light most favorable to the Commonwealth as the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the

---

[9] Appellant filed a response to counsel's **Anders** brief in which he stated in a conclusory fashion that the issue raised in counsel's **Anders** brief was meritorious.

-4-

crime beyond a reasonable doubt." ***Commonwealth v. Gonzalez***, 109 A.3d 711, 716 (Pa. Super. 2015), *appeal denied*, 125 A.3d 1198 (Pa. 2015) (internal alteration and citation omitted). "The evidence does not need to disprove every possibility of innocence, and doubts as to guilt, the credibility of witnesses, and the weight of the evidence are for the fact-finder to decide." ***Commonwealth v. Forrey***, 108 A.3d 895, 897 (Pa. Super. 2015) (citation omitted).

In essence, Appellant argues that he was a victim and not the perpetrator of the offense. He argues that two men, one Caucasian and one African-American, shot him and Bibbs. He argues that the gun used in the murder belonged to him until the day before the crime when he illegally sold it.

We conclude that this argument is wholly frivolous. Appellant admitted that the gun belonged to him until he allegedly sold it eight hours prior to the murder. Myisha Coles ("Coles"), who was Appellant's live-in girlfriend, stated that she did not see any third-parties at the scene of the shooting or fleeing the shooting. Within one minute of police receiving a 911 call they set up a perimeter around the scene and did not witness any individuals fleeing or any individuals that matched the description of the two alleged perpetrators Appellant described.

The forensic evidence was inconsistent with Appellant's version of events and consistent with the prosecution's version of events. Specifically,

Bibbs' bloodstained, empty wallet was found in the duct work of Appellant's apartment. Also in Appellant's duct work were two spent cartridges fired from the murder weapon. Currency with Bibbs' blood was also found in Appellant's couch. A portion of the knife used to stab Bibbs' was found underneath pots and pans in Appellant's apartment. Appellant's footprint was found in the blood at the crime scene. The footprint was pointed in a direction that was inconsistent with Appellant's version of events but was consistent with the Commonwealth's version of events. Bibbs' blood was also found on Bibbs' door – which was inconsistent with Appellant's version of events but consistent with the Commonwealth's version of events.

Furthermore, the only evidence supporting Appellant's version of events, his own trial testimony, contradicted the four previous statements Appellant provided police. Each time Appellant spoke to police, or testified at trial, his story changed. The jury reasonably concluded that Appellant's continually evolving story proved Appellant was fabricating his version of events. Based upon the totality of this circumstantial evidence, the jury reasonably determined that Appellant was not the victim of a botched robbery attempt but was instead the murderer.

Finally, because the victim was shot multiple times, the jury was permitted to infer that Appellant acted with the specific intent to kill. **See Commonwealth v. Chamberlain**, 30 A.3d 381, 394 (Pa. 2011) (citations omitted). We also conclude that the record contains ample evidence

establishing each of the elements of the other offenses for which Appellant was convicted. Accordingly, we conclude that there was sufficient evidence to find Appellant guilty of all 11 charged offenses.

In sum, we conclude that the lone issue raised in counsel's **Anders** brief is frivolous. Furthermore, after an independent review of the entire record, we conclude that no other issue of arguable merit exists. Therefore, we grant counsel's request to withdraw. Having determined that the issues raised on appeal are frivolous, we affirm the judgment of sentence.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/11/2016