674 A.2d 284

**COMMONWEALTH of Pennsylvania**

v.

**Earl GILBERT, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 29, 1995.

Filed April 2, 1996.

Lisa B. Harris, Cookeville, Tennessee, for appellant.

James R. Gilmore, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before DEL SOLE, BECK and JOHNSON, JJ.

BECK, Judge:

The issue is whether the Commonwealth proved appellant's intent to engage in disorderly conduct. We find that the Commonwealth has not produced sufficient facts to establish intent. We, therefore, vacate the judgment of sentence.

Appellant Earl Gilbert appeals his conviction for the summary offense of disorderly conduct. Gilbert was arrested and charged with disorderly conduct, making unreasonable noise, 18 Pa.C.S. § 5503(a)(2), when he openly disagreed with a police officer who intended to tow his neighbor's car.

The record, viewed in the light most favorable to the Commonwealth, establishes that a police officer went to the home of appellant's neighbor to tow the neighbor's car.[1] The neighbor did not want his car towed and according to the officer, a "ruckus" started. The officer then decided to go back to his own vehicle "to clear the scene." As the officer headed back to his car, he saw appellant and his son standing on the sidewalk next to their house.

Appellant said nothing to the officer until the officer approached him. The officer stated he opened a dialogue with appellant to do some police department public relations work by explaining what the "ruckus" was all about. According to the officer, appellant expressed his opinion that the police should not tow his neighbor's car, and that police resources should be used for other purposes. Appellant then yelled to his neighbor across the street that the police were wrong for trying to tow the car. Appellant was arrested because he refused three police requests to "quiet down." The evidence does not reveal that appellant was especially loud, or that his remarks incited the neighbors or endangered the police. The record does not show that appellant was involved in the

1. The officer testified that police had earlier received a call concerning an assault by four men that had occurred a few blocks away. The officer stated that an unidentified witness gave information that the vehicle was registered to someone who lived on appellant's street. Police talked to the owner of the vehicle, who knew nothing about the assault. The police nonetheless intended to tow the vehicle.

"ruckus" or that he interfered with the officer's efforts to tow the car.

Appellant was charged and convicted under 18 Pa.C.S. § 5503(a)(2) which provides:

(a) offense defined.—A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he: ...

(2) makes unreasonable noise.

The mens rea requirement of this statute demands proof that appellant by his actions intentionally or recklessly created a risk or caused a public inconvenience, annoyance or alarm. *Commonwealth v. DeLuca*, 528 Pa. 290, 597 A.2d 1121 (1991); *Commonwealth v. Mastrangelo*, 489 Pa. 254, 414 A.2d 54 (1980); *Commonwealth v. Weiss*, 340 Pa.Super. 427, 490 A.2d 853 (1985); *Commonwealth v. Navarro*, 251 Pa.Super. 125, 380 A.2d 409 (1977). No evidence was produced that appellant acted with the kind of culpable intent which the statute requires. Under the statute the Commonwealth must prove the intent of the actor.[2]

The Commonwealth proved only that the arresting officer was annoyed by appellant's expression of disagreement with the police's intention to tow the car. Nothing in the record supports the inference that appellant acted "[w]ith intent to cause [or risk] a public inconvenience, annoyance or alarm...." *See and compare Commonwealth v. DeLuca*, 528 Pa. at 292, 597 A.2d at 1123 (appellant's loud, abusive, and obscene language, coupled with his action of knocking away a police officer's hands, supported disorderly conduct conviction where appellant's conduct occurred in close proximity to an unruly crowd and near the focal point of a recent stabbing of a

---

2. Although under prior law an individual who had no intent to disrupt could be prosecuted because his speech provoked others to unruly behavior, under the current statute the focus is on the actor's intent. *See Mastrangelo, supra* at 259–61, 414 A.2d at 57; *Commonwealth v. Young*, 370 Pa.Super. 42, 535 A.2d 1141, 1144 n. 1 (1988) (Beck, J., dissenting). *See Model Penal Code and Commentaries* § 250.2 commentary at 348 (in every version of the disorderly conduct provision, "the Model Code requires that the actor initiate the disturbance rather than merely provide an occasion for disorder by others.")

police officer). Intent cannot be inferred from the officer's annoyance with appellant for disagreeing with him and for shouting his disagreement to his neighbor.

■ Although we decide this case based strictly on an interpretation of the intent element in the disorderly conduct statute, we note that in upholding the constitutionality of the disorderly conduct statute, our Supreme Court has made clear that the crime of disorderly conduct "may not be used to punish anyone exercising a protected First Amendment right." *Mastrangelo, supra* at 261, 414 A.2d at 58. While not all speech is protected by the First Amendment, *see, Chaplinsky v. New Hampshire,* 315 U.S. 568, 62 S.Ct. 766, 86 L.Ed. 1031 (1942), appellant's right as a citizen in a democracy to disagree with a police officer is not unprotected. "The freedom of individuals verbally to oppose or challenge police action without thereby risking arrest is one of the principal characteristics by which we distinguish a free nation from a police state." *City of Houston v. Hill,* 482 U.S. 451, 462–463, 107 S.Ct. 2502, 2510, 96 L.Ed.2d 398 (1987).[3]

■ In addition to failing to adduce evidence from which intent could be inferred, the Commonwealth failed to show that appellant's conduct was unreasonably noisy under 18 Pa.C.S. § 5503(a)(2). See Model Penal Code and Commentaries § 250.2 commentary at 346 (Official Draft and Revised Comments 1980) (prohibition against unreasonable noise is directed at volume of speech not its content). Pennsylvania law defines unreasonable noise as "not fitting or proper in respect to the conventional standards of organized society or a legally constituted community." *Mastrangelo, supra* at 261, 414 A.2d at 58; *Commonwealth v. Greene,* 410 Pa. 111, 113, 189 A.2d 141, 143 (1963); *Commonwealth v. Gowan,* 399

---

**3.** The trial court appeared to be impatient with appellant's assertion of his constitutional claims. The trial court expressed its reluctance to elevate appellant's "conversation" with the arresting officer "into a Daniel Webster argument in the Dartmouth College case." *See Trustees of Dartmouth College v. Woodward,* 17 U.S. (4 Wheat.) 518, 4 L.Ed. 629 (1819).

Pa.Super. 477, 582 A.2d 879, 882 (1990); *Commonwealth v. Alpha Epsilon Pi*, 373 Pa.Super. 178, 540 A.2d 580, 583 (1988).

The record does not support an inference that the noise was such that it violated "the conventional standards of organized society or a legally constituted community." It was not unreasonable, loud, boisterous, or unseemly. At most, the record reflects that appellant spoke to the officer and yelled across the street to his neighbor. The arresting officer testified that half the neighbors eventually came out to the street to view the "ruckus." However, no evidence was produced that that the level of noise was inconsistent with neighborhood tolerance or standards. *See and compare, Alpha Epsilon Pi, supra* at 183–86, 540 A.2d at 583–584 (late night music from fraternity house was unreasonably noisy where fraternity sound system could be heard in residential neighborhood a block away); *Commonwealth v. Koch*, 288 Pa.Super. 290, 431 A.2d 1052 (1981) (continuous dog barking in rural community does not support disorderly conduct charge). *See also: Weiss, supra* at 432–34, 490 A.2d at 856 (even vulgar language intended to insult police does not become a crime because people standing nearby stop, look and listen).

In reversing appellant's conviction for disorderly conduct we emphasize that the disorderly conduct statute must not be used as a catchall or dragnet for the prosecution of conduct that is uncivil, annoying or irritating. *Id.* Accord, *Commonwealth v. Williams*, 394 Pa.Super. 90, 574 A.2d 1161 (1990).

Accordingly, we find that the Commonwealth failed to sustain its burden of proof on the disorderly conduct offense. We therefore vacate the judgment of sentence.