J-A31045-14

2015 PA Super 11

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ROBERT STEPHEN FORREY | |
| Appellant | No. 2159 MDA 2013 |

Appeal from the Judgment of Sentence entered November 12, 2013
In the Court of Common Pleas of Adams County
Criminal Division at No: CP-01-CR-0000544-2013

BEFORE:  BOWES, OTT, and STABILE, JJ.

OPINION BY STABILE, J.:                    **FILED JANUARY 16, 2015**

Appellant, Robert Stephen Forrey, appeals the judgment of sentence entered for his convictions of scattering rubbish and disorderly conduct (unreasonable noise).  We agree with Appellant that the evidence of unreasonable noise is insufficient to sustain his conviction of disorderly conduct.  Accordingly, we affirm in part and reverse in part.

On the evening of June 3, 2013, two Pennsylvania State Police troopers were patrolling U.S. Route 15 in Adams County.[1]  At about 11:45 p.m., they observed a red Dodge pickup truck stopped on the shoulder.  The truck's lights were off, and it appeared to be disabled.  The troopers parked

---

[1] Unless otherwise noted, we take this factual summary from the Trial Court Pa.R.A.P. 1925(a) Opinion, 1/28/14, at 1-3.

behind the truck, activated the police car's emergency lights for safety, and got out to investigate.

After the troopers exited their vehicle to speak to Appellant, they discovered a large debris trail extending from the truck about 25' to 75' down an embankment and into a wooded area. The debris included glass, papers, mail, TVs, VCRs, large boxes, trash bags with clothes, clocks, what appeared to be a stereo cabinet, and a United States flag.

Appellant gave the troopers his name and address, but refused to answer other questions. Instead, he began to scream and curse. He repeatedly walked to the roadway, toward oncoming traffic. One of the troopers placed Appellant in handcuffs to prevent him from running away. During the encounter, Appellant yelled at the troopers, "all you fucking cops are communists just like Obama," "[t]his fucking country sucks," and "[y]ou better watch your back." N.T. Summary Trial, 11/12/13, at 6-7. Appellant was yelling loud enough that one of the troopers could hear him ten feet down the embankment. At some point, officers from a local police department arrived to assist the troopers.

The troopers arrested Appellant and charged him with misdemeanor desecrating a flag of the United States, summary scattering rubbish, and summary disorderly conduct by making unreasonable noise.[2] Appellant

---

[2] 18 Pa.C.S.A. §§ 2102(a)(4), 6503(a)(1), and 5303(a)(2), respectively.

could not make the $1,500.00 monetary bail, and spent eight days in the county prison until he negotiated a reduction in bail. Appellant requested dismissal of the flag-desecration charge, challenging the constitutionality of the statute. In response, the Commonwealth requested the charge be withdrawn, or for the trial court to enter a *nolle prosequi* (the record is unclear). The trial court dismissed the charge pretrial, found Appellant guilty of the two remaining offenses after a summary trial, and imposed fines of $200.00 for each offense, plus costs. After his post-sentence motion was denied, Appellant appealed to this Court.

Appellant challenges his disorderly conduct conviction on two fronts. First, he argues his statements did not constitute unreasonable noise, because no members of the public were present at the scene, and the incident occurred on the shoulder of a highway in a sparsely populated area. Second, he argues his statements are protected speech under the First Amendment.

In challenges to the sufficiency of the evidence, "our standard of review is *de novo*, however, our scope of review is limited to considering the evidence of record, and all reasonable inferences arising therefrom, viewed in the light most favorable to the Commonwealth as the verdict winner." ***Commonwealth v. Rushing***, 99 A.3d 416, 420-21 (Pa. 2014). Evidence is sufficient if it can support every element of the crime charged beyond a reasonable doubt. ***Commonwealth v. Vogelsong***, 90 A.3d 717, 719 (Pa. Super. 2014). The evidence does not need to disprove every possibility of

innocence, and doubts as to guilt, the credibility of witnesses, and the weight of the evidence are for the fact-finder to decide. *Id.* We will not disturb the verdict "unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." *Id.* (quotation omitted).

As charged in this case, "[a] person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he . . . makes unreasonable noise[.]" 18 Pa.C.S.A. § 5503(a)(2). The offense of disorderly conduct

> is not intended as a catchall for every act which annoys or disturbs people; it is not to be used as a dragnet for all the irritations which breed in the ferment of a community. It has a specific purpose; it has a definite objective, it is intended to preserve the public peace.

*Commonwealth v. Maerz*, 879 A.2d 1267, 1269 (Pa. Super. 2005) (quotation omitted).

As explained in *Maerz*, we use a two-part test to determine whether a person's actions constitute disorderly conduct (unreasonable noise). *Id.* A court looks at the content of a person's speech only to infer the requisite *mens rea* (intent or recklessness). *Id.* "Ultimately, however, what constitutes the *actus reus* of "unreasonable noise" under the disorderly conduct statute is determined solely by the **volume of the speech**, not by its content." *Id.* (emphasis in original).

"Pennsylvania law defines unreasonable noise as 'not fitting or proper in respect to the conventional standards of organized society or a legally

- 4 -

constituted community.'" ***Commonwealth v. Gilbert***, 674 A.2d 284, 287 (Pa. Super. 1996) (quoting ***Commonwealth v. Mastrangelo***, 414 A.2d 54, 58 (Pa.), *appeal dismissed*, 449 U.S. 894 (1980)).

In ***Maerz***, for example, the defendant's single, profane outburst yelled at a neighbor across the street at 9:45 p.m. was deemed insufficient unreasonable noise to constitute disorderly conduct. ***Maerz***, 879 A.2d at 1270. The Commonwealth failed to show that the outburst jeopardized the public peace, or that the noise was "absolutely **inconsistent with the residential neighborhood's tolerance levels or standards**. No evidence was offered as to why the public peace in this particular neighborhood could not survive a passing, albeit very loud, vocal noise during evening hours." ***Id.*** at 1271 (emphasis added).

Similarly, in ***Gilbert***, we found insufficient evidence of unreasonable noise where the defendant "openly disagreed" with a police officer who was towing his neighbor's car. ***Gilbert***, 674 A.2d at 285-86. At best, the record reflected that the defendant spoke to the officer and yelled across the street to his neighbor. ***Id.*** at 287. "The arresting officer testified that half the neighbors eventually came out to the street to view the 'ruckus.' However, no evidence was produced that that the level of noise was **inconsistent with neighborhood tolerance or standards**." ***Id.*** (emphasis added).

In contrast, in ***Commonwealth v. Alpha Epsilon Pi***, 540 A.2d 580, 583 (Pa. Super. 1988), we affirmed a disorderly conduct citation of a college

fraternity where noise from its late-night partying could be heard fifty yards away from the fraternity house.

> Given the time of day, the officer's ability to hear the noise from a distance of fifty yards during a warm, summer night, and the initial complaint to the officer which was made by a resident living at least one block away, we cannot say that the trier of fact could not have found the noise to have been unreasonable.

*Id.*

Viewing all the evidence in this case in a light most favorable to the Commonwealth, Appellant's conviction of disorderly conduct cannot stand. The evidence of unreasonable noise is insufficient. The Commonwealth failed to present any evidence that the volume of Appellant's speech was inappropriate for the place at which it occurred: alongside a rural highway, out of hearing of any residential community or neighborhood. The Commonwealth correctly points out that Appellant was yelling loud enough that a trooper heard him down the trash-strewn embankment. However, even when viewing the evidence in a light most favorable to the Commonwealth, there is no evidence that any member of the public heard Appellant. The arresting troopers could not account for the number of motorists who passed by, and none of the troopers or police officers testified that any driver noticed Appellant based on the volume of his outburst.[3] *Id.*

_____

[3] We emphasize that we do not condone Appellant's boorish, intemperate actions. Additionally, because Appellant was not charged under other subsections of 18 Pa.C.S.A. § 5503(a), we express no opinion whether
*(Footnote Continued Next Page)*

- 6 -

It is true that a highway is, by statute, a public place. 18 Pa.C.S.A. § 5503(c). However, being in public is merely necessary, but not alone sufficient, to convict of disorderly conduct. The Commonwealth must also prove the particular act requirement, that the noise here was unreasonable, *i.e.*, inconsistent with neighborhood tolerance or standards. ***Gilbert***, 674 A.2d at 287. The evidence here does not support such a finding. Highways and rural, sparsely populated areas have a higher tolerance for loud noises, unlike residential neighborhoods. ***See Commonwealth v. Koch***, 431 A.2d 1052, 1058 (Pa. Super. 1981) (*en banc*) (holding that "continuous barking of dogs, albeit most annoying, housed in a kennel in a rural community" did not constitute unreasonable noise sufficient to sustain disorderly conduct citation). In this case, no evidence supports the finding that Appellant's shouts—though loud—were heard by any passing drivers. Like the proverbial tree falling in a forest, noise is not unreasonable if nobody hears

*(Footnote Continued)* ─────────────

evidence might be sufficient to sustain a conviction under those other subsections.

We recognize that Appellant wandered toward the roadway and oncoming traffic, causing the troopers to handcuff him, and that he threatened the troopers. These actions, however, cannot sustain his conviction of disorderly conduct as charged. Appellant was not charged with disorderly conduct by "creat[ing] a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor," or by "enga[ing] in fighting or threatening, or in violent or tumultuous behavior." 18 Pa.C.S.A. § 5503(a)(1) and (4).

it, because noise that is heard by no member of the public cannot be inconsistent with community or neighborhood standards.

The Commonwealth argues that it needed to prove only that a member of the public could have heard Appellant. Appellee's Brief at 21 (discussing **Mastrangelo**). In **Mastrangelo**, 414 A.2d at 55-56, the defendant hurled insults at a meter maid on the public street of a borough in full view and hearing of bystanders. The passage of **Mastrangelo** the Commonwealth quotes, however, is from the factual background section of our Supreme Court's opinion. The main issues were facial and as-applied constitutional challenges to 18 Pa.C.S.A. § 5503(a)(2). Our Supreme Court summarily disposed of the defendant's sufficiency-of-the-evidence argument, and included no detailed discussion as to the evidence necessary to show unreasonable noise. Rather, the talisman of unreasonableness is whether the noise level is inconsistent with the standards of a recognized neighborhood or community. As we have explained above, the Commonwealth did not meet that standard here.

The Commonwealth cannot sustain Appellant's conviction of disorderly conduct. Appellant's outburst does not meet the standard of unreasonable noise required by 18 Pa.C.S.A. § 5503(a)(3).[4] The judgment of sentence is

_____

[4] In light of our conclusion, we need not address Appellant's argument that his outburst constituted speech protected by the First Amendment. **See Commonwealth v. Einhorn**, 911 A.2d 960, 977 n.10 (Pa. Super. 2006) *(Footnote Continued Next Page)*

reversed in part, and the case is remanded to the trial court to remit the $200.00 fine for disorderly conduct.

Judgment of sentence affirmed in part and reversed in part. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn, Esq._
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/16/2015

_(Footnote Continued)_ ―――――――――

("[A] court should not reach [a] constitutional claim if a case can properly be decided on non-constitutional grounds[.]").