J-A05014-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DORIAN HUDSON, | |
| Appellant | No. 3501 EDA 2014 |

Appeal from the Judgment of Sentence of November 12, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0013841-2013

BEFORE:  OLSON AND OTT, JJ. and STEVENS, P.J.E.*

MEMORANDUM BY OLSON, J.:                    **FILED APRIL 26, 2016**

Appellant, Dorian Hudson, appeals from the judgment of sentence following his bench trial convictions for theft by unlawful taking and receiving stolen property.[1]  We affirm.

We briefly summarize the facts and procedural history of this case as follows.  Appellant resided with his mother, Esther Johnson, in her apartment in Philadelphia, Pennsylvania.  On September 20, 2013, Ms. Johnson left Appellant alone for a week while she visited relatives in Atlantic City, New Jersey.  Appellant was unemployed at the time.  Sometime before leaving for Atlantic City, Ms. Johnson withdrew $22,000.00 from her pension account to fund a funeral insurance policy for herself.  She kept the money

---

[1] 18 Pa.C.S.A.  §§ 3921(a) and 3925(a), respectively.

*Former Justice specially assigned to the Superior Court.

in a locked safe hidden behind a dresser drawer and left the key to the safe hanging on a mirror. Ms. Johnson told Appellant she had withdrawn the funds and gave him a copy of her insurance card to make funeral plans upon her death. Appellant also saw his mother counting the money and knew she had a habit of hiding currency inside the apartment. When Ms. Johnson returned from her trip, the safe, the key and Appellant were missing. Appellant did not return to the apartment and he would not answer or return phone calls. There was no sign of forced entry and nothing else was missing from the apartment. Only one other person had a key to the apartment, Ms. Johnson's wheelchair bound daughter. However, Ms. Johnson's daughter did not know her mother had withdrawn pension funds.

Ruby Hunt, whose mother lived in the same building as Ms. Johnson, knew Appellant for four years prior to this incident. The night Ms. Johnson left for Atlantic City, Appellant invited Ms. Hunt to his mother's apartment to watch a movie and drink alcohol. The following day, Appellant took Ms. Hunt out to dinner in a new car she had never seen. Appellant asked Ms. Hunt not to tell his mother about the car and claimed he had recently come into some money. Appellant paid for dinner in cash from a roll of hundred-dollar bills and offered to take Ms. Hunt shopping the next day even though he had never done so before.

On October 18, 2013, police arrested Appellant and charged him with the aforementioned crimes. On August 7, 2014, the trial court conducted a bench trial and convicted Appellant of both offenses. On November 12,

2014, the trial court sentenced Appellant to seven years of probation for theft by unlawful taking. Because the receiving stolen property conviction merged with theft by unlawful taking charge, the trial court imposed no further sentence. This timely appeal resulted.[2]

On appeal, Appellant presents the following issue for our review:

> Was not the evidence insufficient to sustain [Appellant's] convictions for theft and receiving stolen property, insofar as there was insufficient evidence that [Appellant] stole the complainant's money, or that any money in [Appellant's] possession was stolen?

Appellant's Brief at 3.

Appellant claims that the Commonwealth did not present sufficient evidence to sustain his convictions because: (1) he was not the only relative who knew Ms. Johnson withdrew pension funds and had access to her apartment, and; (2) "there was absolutely no proof that the money in [Appellant's] possession was the same money taken from Ms. Johnson." *Id.* at 9.

Our standard and scope of review is well-settled:

> In challenges to the sufficiency of the evidence, our standard of review is *de novo,* however, our scope of review is limited to considering the evidence of record, and all reasonable inferences arising therefrom, viewed in the light

---

[2] On December 10, 2014, Appellant filed a timely notice of appeal. On December 22, 2014, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on June 11, 2015.

most favorable to the Commonwealth as the verdict winner. Evidence is sufficient if it can support every element of the crime charged beyond a reasonable doubt. The evidence does not need to disprove every possibility of innocence, and doubts as to guilt, the credibility of witnesses, and the weight of the evidence are for the fact-finder to decide. We will not disturb the verdict unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances.

*Commonwealth v. Forrey*, 108 A.3d 895, 897 (Pa. Super. 2015) (internal citations and quotations omitted). "This standard is applicable in cases where the evidence is circumstantial, as long as the evidence implicates the accused in the crime beyond a reasonable doubt." *Commonwealth v. Ockenhouse*, 756 A.2d 1130, 1135, (Pa. 2000) (internal citation omitted).

Theft by unlawful taking and receiving stolen property are statutorily defined, respectively, as follows. "A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof." 18 Pa.C.S.A. § 3921(a). "A person is guilty of theft [by receiving stolen property] if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner." 18 Pa.C.S.A. § 3925(a).

Here, the trial court determined:

> [Appellant's] conviction[s] rested on the testimony of Esther Johnson and Ruby Hunt. Ms. Johnson's testimony was that she went to Atlantic City for a week to spend time with her aunt. While she was gone, [Appellant], her son, was staying in the apartment, and he was the only person who

had personal knowledge that the complainant had withdrawn her pension money. When Ms. Johnson returned to her apartment, there was no damage to the apartment or indication of any forced entry, but her safe containing $22,000[.00] was missing. Furthermore, even though [the] complainant and her son communicated with each other on a daily basis prior to this incident, after the complainant returned from her vacation, [Appellant] stopped communicating with his mother and failed to return her calls.

Ms. Hunt's testimony was that [Appellant] picked her up in a car that he did not previously own, and treated her to dinner and offered to take her shopping, things he had not done before. Ms. Hunt also watched [Appellant], who was unemployed, taking money from a roll of hundred dollar bills that he stored in his backpack.

Trial Court Opinion, 6/11/2015, at 6.

Upon review of the record, we conclude that the Commonwealth introduced sufficient evidence to support Appellant's convictions. There is no dispute that Appellant had access to the apartment and its contents. Ms. Johnson testified that Appellant had direct knowledge that she withdrew money from her pension, in one-hundred-dollar bill denominations, and saw her counting the money on more than one occasion. N.T., 6/26/2014, at 9-11; N.T., 8/7/2014, at 28. Ms. Johnson testified that Appellant had "knowledge of [her] always hiding money." N.T., 6/26/2014, at 18. Upon her return from Atlantic City, the money was missing, but the apartment was in the same state as when Ms. Johnson left. N.T., 8/7/2014, at 22-23, 29. Furthermore, Ms. Johnson testified that she and Appellant communicated daily, but that Appellant went missing and did not answer her calls when she returned. *Id.* at 28-30. Our Supreme Court has held that

flight and concealment can constitute circumstantial proof of consciousness of guilt. *See Commonwealth v. Johnson*, 838 A.2d 663, 681 (Pa. 2003). Moreover, the trial court "believe[d] the testimony of Ruby Hunt." N.T., 8/7/2014, at 77. We will not usurp the trial court's credibility determination. The trial court determined that Appellant, who was unemployed and living with Ms. Johnson, was suddenly and lavishly spending money in one-hundred-dollar denominations, but did not want Ms. Johnson to know. *Id.* at 37-46. In sum, Appellant had knowledge of and access to Ms. Johnson's money, spent large sums of money days after she left town, and then fled. Based upon the totality of circumstances, Appellant's convictions were supported by sufficient evidence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/26/2016