J-S21008-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WESLEY TARU CONNOR | : | |
| | : | |
| Appellant | : | No. 466 WDA 2017 |

Appeal from the Judgment of Sentence February 23, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0003254-2016

BEFORE:  OLSON, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.:                              FILED JULY 05, 2018

Appellant, Wesley Taru Connor, appeals from the judgment of sentence entered on November 8, 2016, as made final by the denial of his post-sentence motion on February 23, 2017.  We affirm.

The factual background of this case is as follows.  In the early morning hours of February 29, 2016, Appellant and his girlfriend, Shalawn Morgan ("Victim"), left a bar and walked towards Victim's home.  When outside of Victim's apartment, Appellant and Victim engaged in a verbal altercation. Appellant then punched Victim in the face which caused her to fall to the ground.  Once inside Victim's apartment, Appellant struck Victim at least two more times.

The procedural history of this case is as follows.  On May 2, 2016 the Commonwealth charged Appellant via criminal information with simple

assault.[1]  Immediately prior to trial, the information was amended to charge

Appellant with harassment[2] and disorderly conduct[3] and to withdraw the

charge of simple assault.  As the new charges were both summary offenses,

the case proceeded to a bench trial.  The trial court found Appellant guilty of

both charges.  On November 8, 2016, the trial court sentenced Appellant to

an aggregate term of 90 days' probation.  On February 23, 2017, the trial

court denied Appellant's post-sentence motion.  This timely appeal followed.[4]

Appellant presents two issues for our review.

1. Was the evidence insufficient as a matter of law to convict [Appellant] of disorderly conduct . . . ?

2. Did the trial court violate [Appellant's] federal and state constitutional rights to confrontation and a fair trial by restricting the scope of his cross-examination of [Victim] . . . ?

Appellant's Brief at 5 (complete capitalization omitted).

_____

[1] 18 Pa.C.S.A. § 2701(a)(1).

[2] 18 Pa.C.S.A. § 2709(a)(1).

[3] 18 Pa.C.S.A. § 5503(a)(1).

[4] On March 29, 2017, the trial court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement").  See Pa.R.A.P. 1925(b).  On May 22, 2017, Appellant filed his concise statement. On July 25, 2017, the trial court issued its Rule 1925(a) opinion.  Both of Appellant's issues were included in his concise statement.

In his first issue, Appellant argues that the evidence was insufficient to convict him of disorderly conduct.[5]  "The determination of whether sufficient evidence exists to support the verdict is a question of law; accordingly, our standard of review is de novo and our scope of review is plenary." Commonwealth v. Edwards, 177 A.3d 963, 969 (Pa. Super. 2018) (citation omitted).  In assessing Appellant's sufficiency challenge, we must determine "whether viewing all the evidence admitted at trial in the light most favorable to the [Commonwealth], there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." Commonwealth v. Sweitzer, 177 A.3d 253, 257 (Pa. Super. 2017) (citation omitted).  "[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. . . . [T]he finder of fact, while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part, or none of the evidence." Commonwealth v. Davison, 177 A.3d 955, 957 (Pa. Super. 2018) (cleaned up).

_____

[5]     We note the unique procedural posture of this case with respect to Appellant's sufficiency challenge.  In its opinion denying Appellant's post-sentence motion, the trial court agreed that the evidence was insufficient to convict him of disorderly conduct.  Nonetheless, the trial court declined to grant relief because it (incorrectly) believed that Appellant's post-sentence motion lacked an adequate prayer for relief.  As noted above, we review a sufficiency challenge de novo.  Thus, we owe no deference to the trial court's procedural ruling or its conclusion that the evidence was insufficient to convict Appellant of disorderly conduct.

- 3 -

In order to convict a defendant of disorderly conduct, the Commonwealth must prove that he or she "with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, engaged in certain enumerated activity. Relevant to the instant case, one such activity is engaging in fighting or threatening, or in violent or tumultuous behavior." Commonwealth. v. Norley, 55 A.3d 526, 528 (Pa. Super. 2012) (cleaned up). Appellant concedes that he engaged in violent behavior. He argues, however, that he did not do so with the intent to cause public inconvenience, annoyance, or alarm nor did he recklessly create a risk thereof.

Appellant's argument that he did not recklessly create a risk of public alarm is without merit. The Crimes Code defines "public" for purposes of the disorderly conduct statute as "affecting or likely to affect persons in a place to which the public or a substantial group has access; among the places included are highways, transport facilities, schools, prisons, apartment houses, places of business or amusement, any neighborhood, or any premises which are open to the public." 18 Pa.C.S.A. § 5503(c). Victim testified that Appellant punched her while standing outside of her apartment. N.T., 10/25/16, at 10-11. The plain language of section 5503(c) provides that apartment buildings are public places for purposes of the disorderly conduct statute. Moreover, it is axiomatic that public streets and sidewalks are public. Hence, the lack of evidence regarding exactly where outside of Victim's apartment she was punched is immaterial when determining if Appellant recklessly caused a risk of public

alarm. The punch created a risk of public alarm either in an apartment building, a public place under the statute, or on a public street or sidewalk. Under either scenario, Appellant's punch recklessly created a risk of public alarm.

Contrary to Appellant's argument, his conduct did not just cause a risk of inconvenience for Victim. See Appellant's Brief at 25. Any member of the public outside of Victim's apartment, late at night, would have been alarmed at the sight of a male striking a female. Appellant grossly deviated from the standard for conduct a reasonable person would observe in Appellant's situation. See 18 Pa.C.S.A. § 302(b)(3) (defining reckless conduct). Thus, even if Appellant's conduct were only directed at Victim, it still constituted disorderly conduct. See Commonwealth v. Fedorek, 946 A.2d 93, 100 (Pa. 2008) (citation omitted) (conduct directed at a single individual can constitute disorderly conduct).

Appellant's reliance on several cases in which this Court held that the evidence was insufficient to sustain a disorderly conduct conviction is misplaced. In those cases, the defendants verbally confronted other persons. This Court determined that those brief, verbal outbursts were insufficient to risk public inconvenience or alarm. See generally Commonwealth v. Forrey, 108 A.3d 895 (Pa. Super. 2015); Commonwealth v. Maerz, 879 A.2d 126 (Pa. Super. 2005); Commonwealth v. Gilbert, 674 A.2d 284 (Pa. Super. 1996). In this case, Appellant did not simply confront Victim verbally.

Instead, he physically attacked her. A physical attack on a female early in the morning is much more likely to cause public alarm than mere verbal sparring.

Although we agree with Appellant and the trial court that proceeding with the original simple assault charge may have been the more prudent action, that does not mean that Appellant was not also guilty of disorderly conduct. The evidence presented at trial, viewed in the light most favorable to the Commonwealth, was sufficient to sustain Appellant's disorderly conduct conviction. Accordingly, Appellant is not entitled to relief on his sufficiency challenge.

In his second issue, Appellant argues that his Confrontation Clause rights were violated when the trial court limited his cross-examination of Victim.[6] Whether Appellant's confrontation rights were violated is a question of law; therefore, our standard of review is de novo and our scope of review is plenary.[7] Commonwealth v. Yohe, 79 A.3d 520, 530 (Pa. 2013). As this Court has explained, "the Sixth Amendment of the United States Constitution provides that, 'In all criminal prosecutions, the accused shall enjoy the right

_____

[6] The Commonwealth argues, consistent with the trial court's determination, that Appellant waived this issue. We conclude that Appellant properly preserved the issue and thus proceed to consider the merits of Appellant's argument.

[7] Although we review a trial court's ruling sustaining an objection to testimony for an abuse of discretion, an error of law is an abuse of discretion. Hence, we ultimately employ a de novo standard of review because Appellant only raises a constitutional claim regarding the trial court's ruling.

- 6 -

to be confronted with the witnesses against him.' U.S. Const. amend. VI. This protection has been incorporated into the Fourteenth Amendment and thus is applicable in state court prosecutions." Commonwealth v. Brown, 139 A.3d 208, 212 (Pa. Super. 2016), aff'd, 2018 WL 2452643 (Pa. June 1, 2018) (cleaned up).

> This Court has explained that a defendant's right to confrontation
>
> means more than being allowed to confront the witness physically. Indeed, the main and essential purpose of confrontation is to secure for the opponent the opportunity of cross-examination. Of particular relevance here, the Supreme Court of the United States has recognized that the exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination. It does not follow, of course, that the Confrontation Clause of the Sixth Amendment prevents a trial judge from imposing any limits on defense counsel's inquiry into the potential bias of a prosecution witness. On the contrary, trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, and prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant. The Confrontation Clause guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.

Commonwealth v. Akrie, 159 A.3d 982, 988 (Pa. Super. 2017) (cleaned up).

Appellant's Confrontation Clause claim focuses on a series of evidentiary rulings made by the trial court with respect to the permitted scope of Victim's testimony. During cross-examination, Appellant's counsel asked Victim, "You had another altercation with [Appellant] yesterday; correct?" N.T., 10/25/16,

at 26. The Commonwealth objected and the trial court sustained the objection. Id. On redirect examination, the Commonwealth inquired as to why Victim's trial testimony differed substantially from her preliminary hearing testimony. Id. at 30-31. Appellant objected to this line of questioning and the trial court overruled that objection. See id. On recross-examination, Appellant's counsel again inquired into the confrontation between Victim and Appellant that occurred the day before trial. Id. at 31-33. The trial court permitted Victim to testify to the fact that she was involved in two altercations with Appellant between the preliminary hearing and trial; however, the trial court again sustained the Commonwealth's objection to testimony detailing the specifics of the second alteration. See id.

Appellant argues that Commonwealth v. Evans, 512 A.2d 626 (Pa. 1986) establishes that the trial court violated his Confrontation Clause rights by sustaining the Commonwealth's objections. Evans, however, is distinguishable from the case at bar. In that case, our Supreme Court explained that a Commonwealth witness' pending charges must be made known to the fact-finder. Id. at 631. It reasoned that:

> Even if the prosecutor has made no promises, either on the present case or on other pending criminal matters, the witness may hope for favorable treatment from the prosecutor if the witness presently testifies in a way that is helpful to the prosecution. And if that possibility exists, the fact-finder should know about it.

Id. at 631-632.

In this case, Victim was not facing charges for the confrontation that occurred the day before trial. Appellant did file a police report; however, the record is devoid of any indication that formal charges were instituted by the Commonwealth. Furthermore, Victim's testimony was not "helpful" to the prosecution. To the contrary, Victim testified in a manner inconsistent with her preliminary hearing testimony. This raised serious questions regarding Victim's credibility and it forced the prosecutor to inform Victim of her right to the assistance of counsel because of potential perjury charges resulting from her inconsistent testimony. Thus, the possibility of Victim currying favor with the Commonwealth did not exist in this case.

More importantly, Appellant's counsel was permitted to question Victim regarding her bias in the case. The trial court permitted Appellant's counsel to elicit testimony that Victim had two confrontations with Appellant between the preliminary hearing and trial. The Commonwealth conceded this fact even prior to Victim testimony,[8] notifying the trial court of the impending inconsistent testimony and placing on the record notice to Victim that she had the right to be represented by an attorney during trial. Appellant's counsel was similarly permitted to argue that Victim changed her story as a result of these confrontations and not for the reasons she explained during redirect examination.

_____

[8] As the trial court acted as fact-finder in this case, it learned of the inconsistent testimony on multiple occasions.

The trial court only prohibited Appellant's counsel from asking Victim about the details of the confrontation, which were of marginal relevance. This evidence was also cumulative with respect to Victim's alleged bias against Appellant. Victim's inconsistent testimony and the fact that she engaged in two confrontations with Appellant between the preliminary hearing and trial formed the core of Appellant's bias claim. Based on our review of the certified record, we are convinced that Appellant had ample opportunity to develop these aspects of his defense. Hence, we conclude that the trial court did not violate Appellant's Confrontation Clause rights by limiting counsel's cross-examination of Victim.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/5/2018

- 10 -