J-S07021-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                              :          PENNSYLVANIA
            v.                :
                              :
BRYAN JOSEPH KNOWLES          :
                              :
            Appellant         :  No. 1121 MDA 2023

Appeal from the Judgment of Sentence Entered July 24, 2023
In the Court of Common Pleas of Northumberland County Criminal
Division at No(s):  CP-49-SA-0000011-2023


BEFORE:  LAZARUS, P.J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                **FILED MAY 09, 2024**

Bryan Knowles appeals from the judgment of sentence imposing $200

in fines, plus the cost of the prosecution, after the trial court convicted him of

summary harassment and disorderly conduct.[1]  He challenges the sufficiency

of the evidence, and we affirm.

According to the trial court:

[Knowles] pursued a gripe or vendetta against a [state] trooper
. . . Jason Drumheller.  Trooper Drumheller previously arrested
[Knowles] for an alleged violation of a protection from abuse
["PFA"] order previously imposed.

    Thereafter, [Knowles] made complaints about Trooper
Drumheller to his supervisors and the IAD unit, which were
unfounded (the Trooper indicated they were frivolous complaints).
These complaints, and an e-mail about the Trooper initiating a
traffic stop to incite violence, were very distressing to the Trooper.
He believed the sole purpose of [Knowles'] conduct was to get

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] *See* 18 Pa.C.S.A. §§ 2709(a)(3) and 5503(a)(2).

back at him for the arrest, to cause him embarrassment with his supervisors, and to negatively affect his career.

[Then, on January 27, 2023], the two ran into each other in the lobby of the local post office . . . It was busy with other patrons and employees. [Knowles] raised his voice and disturbed the Trooper. He stared at the Trooper and said, "I know who you are." It was a scary scene [for] the Trooper. The other parties in line were also disturbed by the incident.

Trial Court Opinion, 9/19/23, at 1-2.

Being in civilian clothes, Trooper Drumheller attempted to pretend that he was not a state trooper and that he did not recognize Knowles. However, Knowles insisted that he knew Trooper Drumheller; raised his hands over his head; raised his voice; and said, "I'm scared, I'm scared." N.T., 7/24/23, at 11.

The postmaster came out of his office to investigate the disturbance. "He's a Pennsylvania State Trooper, and he locked me up. I am scared of him," Knowles said. *Id.* The postmaster inquired as to what Knowles wanted, and he replied, "I just want a book of stamps." *Id.* Knowles cut to the front of the nine-person line, purchased stamps, and left.

Fifteen days later, the Commonwealth charged Knowles with summary harassment and disorderly conduct. The magisterial district court convicted Knowles of both offenses. Knowles appealed for a trial *de novo* before the court of common pleas. That court also convicted Knowles of both offenses and sentenced him as described above. Knowles immediately appealed to this Court.

He raises two issues:

1. Is Knowles's conviction for disorderly conduct under 18 Pa.C.S.A. § 5503(a)(2) supported by sufficient evidence when the Commonwealth failed to prove that Knowles recklessly disregarded a risk of causing public inconvenience, annoyance, or alarm or that Knowles's speech was "unreasonable?"

2. Is Knowles's conviction for harassment under 18 Pa.C.S.A. § 2709(a)(3) supported by sufficient evidence when the Commonwealth failed to show that Knowles's actions in the post office were part of a "course of conduct . . . which serves no legitimate purpose?"

Knowles's Brief at 8 (some punctuation omitted). We address each issue in turn.

*1.    Disorderly Conduct*

First, Knowles claims that there was insufficient evidence to support his conviction for disorderly conduct. In his view, the evidence established neither the *mens rea* nor the *actus reus* of that crime. Knowles claims there was no proof that he "acted with a reckless disregard of a risk of causing public inconvenience, annoyance, or alarm." **Id.** at 22. Further, he claims that he did not make an "unreasonable noise" as our precedents have interpreted that term, being a "sound that is 'not fitting or proper in respect to the conventional standards of organized society or a legally constituted community.'" **Id.** at 31 (quoting **Commonwealth v. Gilbert**, 674 A.2d 284, 287 (Pa. Super. 1996)).

"In reviewing the sufficiency of the evidence, we examine whether the evidence presented and admitted at trial, and all reasonable inferences drawn therefrom, viewed in a light most favorable to the Commonwealth as the verdict winner, support the [convictions] beyond a reasonable doubt."

- 3 -

*Commonwealth v. Murray*, 83 A.3d 137, 150–51 (Pa. 2013). "Whether sufficient evidence exists to support the verdict is a question of law; our standard of review is *de novo*, and our scope of review is plenary." *Id.* at 151.

In his argument, Knowles focuses solely upon the lack of proof that he recklessly created a risk of public inconvenience, annoyance, or alarm. However, that is only one of the two types of *mens rea* that the legislature provided for the crime of disorderly conduct. The statute provides, "A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance, or alarm, **or** recklessly creating a risk thereof, he . . . makes unreasonable noise . . . ." 18 Pa.C.S.A. § 5503(a)(2) (emphasis added). The legislature used the disjunctive to dictate that disorderly conduct can be committed intentionally **or** recklessly.

Knowles ignores the possibility that the Commonwealth proved that he acted intentionally: *i.e.*, "**with intent** to cause public inconvenience, annoyance, or alarm." *Id.* (emphasis added). "As intent is a subjective frame of mind, it is of necessity difficult of direct proof." *Commonwealth v. Gruff*, 822 A.2d 773, 776 (Pa. 2003) (quoting *Commonwealth v. Roche,* 783 A.2d 766, 768 (Pa. Super. 2001), *appeal denied,* 568 Pa. 736, 798 A.2d 1289 (2002)). "Intent can be proven by direct or circumstantial evidence; it may be inferred from acts or conduct or from the attendant circumstances." *Id.* A person acts with intent when "it is his conscious object . . . to cause" a specific result. 18 Pa.C.S.A. § 302(b)(1)(i).

Here, Knowles entered the post office, saw Trooper Drumheller, and deliberately created a commotion by announcing to the entire group of postal patrons and employees that he knew who the trooper was. He then said to the trooper, "I did time because of you." N.T., 7/24/23, at 10. When Trooper Drumheller attempted to defuse the situation by denying that he had arrested Knowles, Knowles persisted, began to raise his voice, and put his hands over his head.

Based on Knowles's disruptive conduct in a post office lobby, the finder of fact could reasonably infer that it was Knowles's conscious object and desire "to cause public inconvenience, annoyance, or alarm . . . ." 18 Pa.C.S.A. § 5503(a)(2). He annoyed and alarmed the Trooper while inconveniencing and alarming the other postal patrons and employees in a federal building, a quintessential public place. The Commonwealth offered clear circumstantial evidence that Knowles intentionally caused inconvenience, annoyance, and alarm to the Trooper, the other patrons, and employees in public.

Thus, there was sufficient proof to establish Knowles' specific intent, one of the two possible *mens rea* elements for the crime of disorderly conduct. The Commonwealth needed to prove only one of the two *mens rea* within 18 Pa.C.S.A. § 5503(a). Accordingly, whether the Commonwealth offered sufficient proof that Knowles recklessly created a risk of public inconvenience, annoyance, and alarm, as he argues on appeal, is irrelevant.

We next turn to his contention that the Commonwealth did not offer sufficient proof of the *actus reus* element – making an unreasonable noise.

We find that the evidence was legally sufficient to prove the *actus reus*, as well.

The Supreme Court of Pennsylvania has defined "unreasonable noise" as "not fitting or proper in respect to the conventional standards of organized society or a legally construed community." **Commonwealth v. Greene**, 189 A.2d 141, 143 (Pa. 1963). Relying on the Model Penal Code, this Court has said that the Section 5503(a)(2) "prohibition against unreasonable noise is directed at volume of speech not its content." **Gilbert**, 674 A.2d at 287.

In this case, Knowles created a loud enough noise in the post office that he forced the postmaster to leave his office and come into the lobby to investigate Knowles's outburst. The conventional standard of conduct in a local branch of the Postal Service are those of orderly business befitting an executive agency of the federal government.[2] The atmosphere in a post office, while not as formal as a courtroom or house of worship, is typically quiet and reserved. Patrons enter, stand in line for a few minutes, rarely speak with one another, briefly interact with an employee at the desk, and leave without anything memorable occurring.

Given this societal background of the setting, we hold that there was sufficient evidence from which the fact finder rationally could find that Knowles made "unreasonable noise" for a post office lobby. Because Knowles elevated

---

[2] **See** U.S. Const. art. I, § 8, cl. 7 (empowering Congress "to establish Post Offices and post Roads."); **see also** Postal Service Act, 1 U.S. Stat. 232 (1792) (establishing the United States Post Office Department).

his voice to a degree that the postmaster had to get involved and restore the orderly functions of the office, there was sufficient evidence that the "volume of speech" was unduly loud and disorderly. **Gilbert**, **supra**. Hence, the trial court could conclude that Knowles's outburst was "unreasonable noise" that was not "proper in respect to the conventional standards of organized society" inside a local branch of the United States Postal Service. **Greene**, 189 A.2d at 143.

Therefore, we dismiss Knowles's first appellate issue as meritless.

*2. Harassment*

Second, Knowles challenges his conviction for harassment of Trooper Drumheller, because he believes his speech and conduct was "constitutionally protected." Knowles's Brief at 41. Knowles claims he interacted with the trooper to seek redress for the grievance of an improper arrest and wrongful conviction in the prior PFA proceeding. Thus, Knowles brings an as-applied constitutional challenge to Pennsylvania's harassment statute. However, as we explain, he failed to preserve his constitutional claim for appeal.

"The issue of waiver presents a question of law, and, as such, our standard of review is *de novo*, and our scope of review is plenary." **Trigg v. Children's Hosp. of Pittsburgh of UPMC**, 229 A.3d 260, 269 (Pa. 2020).

"Issues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). This is because "issue preservation is foundational to proper appellate review." **In re F.C. III**, 2 A.3d 1201, 1211 (Pa. 2010). Thus, "issues, even those of constitutional

- 7 -

dimension, are waived if not raised in the trial court. A new and different theory of relief may not be successfully advanced for the first time on appeal." ***Commonwealth v. Pi Delta Psi, Inc.***, 211 A.3d 875, 884 (Pa. Super. 2019), *appeal denied*, 211 A.3d 875 (Pa. 2019).

Following his appeal from the magisterial district court to the court of common pleas, Knowles neglected to file a pretrial motion for *habeas corpus* to assert that the Commonwealth could not constitutionally try him for harassment. Moreover, he did not raise a constitutional claim during his closing argument. **See** N.T., 7/24.23, at 32. Nor did he file a post-trial brief asserting such a claim. Finally, Knowles failed to file a post-sentence motion seeking judgment of acquittal based on the as-applied constitutional challenge to the harassment statute. In short, he never argued to the trial court that the federal or state constitution compelled the dismissal of his harassment charge or conviction.

Instead, Knowles attempts to attack the constitutionality of his harassment charge and conviction for the first time on appeal. Our Rules of Appellate Procedure do not permit this. **See** Pa.R.A.P. 302(a). Thus, we dismiss Knowles's second claim of error as waived. **See Trigg**, **supra**.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 05/09/2024