J-S34010-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BRUNO F. BARBERA | : | |
| | : | |
| Appellant | : | No. 495 MDA 2025 |

Appeal from the Judgment of Sentence Entered March 20, 2025
In the Court of Common Pleas of Adams County
Criminal Division at No: CP-01-SA-0000091-2024

BEFORE:  STABILE, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY STABILE, J.:                   **FILED: JANUARY 14, 2026**

Appellant, Bruno F. Barbera, appeals from the judgment of sentence imposed on March 20, 2025, by the Court of Common Pleas of Adams County. He challenges the sufficiency of the evidence to support his summary disorderly conduct conviction.  Finding merit in Appellant's claim, we reverse the conviction and vacate the judgment of sentence.

On October 6, 2024, at approximately 1:30 a.m., Gettysburg Borough Police Officer Eric Wenrich was on routine patrol in the 100 block of Chambersburg Street, a mixed commercial and residential area.  N.T. Hearing, 3/20/25, at 11-12.  Officer Wenrich observed 10-12 individuals standing outside of the Garryowen Irish Pub, and a group of four individuals walking east who appeared to have just left the pub.  *Id.*  at 11.  As Officer Wenrich drove past the group of four, he heard a male voice yell "fuck you" loudly, lasting approximately one second, who he observed to be the Appellant.  *Id.*

at 8, 11-12. Officer Wenrich was on the phone with his partner, Officer Alec Lardarello, who advised that he also heard the male yelling. ***Id.*** Officer Lardarello was travelling in his marked police vehicle about one block away with the windows up when he heard the noise. ***Id.*** at 4. Admittedly, there was no citizen complaint(s) about the noise. ***Id.*** at 16-17.

As a result of the yelling, Officer Wenrich made contact with Appellant. ***Id.*** at 12. Officer Wenrich explained to Appellant that it was considered disorderly conduct to yell at 1:30 a.m. in front of residential buildings and asked for his identification. ***Id.*** at 13. Appellant was initially argumentative, but ultimately cooperated and provided his identification. ***Id.*** at 13. Officer Wenrich returned to his vehicle to run Appellant's information. ***Id.*** at 15. There were no outstanding warrants. ***Id.*** Appellant was cited for summary disorderly conduct.

Following a hearing, Magisterial District Judge Matthew R. Harvey found Appellant guilty. Appellant filed a summary appeal to the Court of Common Pleas of Adams County. He was found guilty after a hearing. This appeal followed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925. Appellant raises a sole issue for our review: "Whether the evidence at [the] summary trial was sufficient to prove disorderly conduct, and each element thereof, beyond a reasonable doubt?" Appellant's Brief, at 5.

For a challenge to the sufficiency of the evidence, our standard of review is:

> whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to

enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact, while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence.

*Commonwealth v. Smith*, 206 A.3d 551, 557 (Pa. Super. 2019) (citation omitted).

Appellant was convicted under subsection (a)(2) of the disorderly conduct statute, which states: "A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he . . . makes unreasonable noise[.]" 18 Pa.C.S.A. § 5503(a)(2).

It is well-settled that the offense of disorderly conduct is not intended as a catchall for every act which annoys or disturbs people and it is not to be used as a dragnet for all the irritations which breed in the ferment of a community. Rather, the specific and definite purpose of the disorderly conduct statute is to preserve the public peace.

*Commonwealth v. Bertothy*, 307 A.3d 776, 781 (Pa. Super. 2023) (citations and quotation marks omitted).

Appellant contends that the Commonwealth failed to prove (1) that he was the source of the comment; (2) that he acted with the intent to cause, or

- 3 -

recklessly risked causing, public inconvenience, annoyance or alarm; and (3) that his comment produced unreasonable noise. **See** Appellant's Brief, at 13. We address each argument in turn.

There was sufficient evidence to identify Appellant as the source of the comment. Officer Wenrich testified that he observed Appellant scream, and Officer Lardarello testified that Appellant admitted to making the comment. N.T. Hearing, 3/20/25, at 8, 12. Thus, the evidence was sufficient to establish that Appellant was the source of the comment.

Next, we examine whether the evidence was sufficient to prove Appellant acted with the requisite intent to cause public inconvenience, annoyance or alarm by creating unreasonable noise. "The *mens rea* requirement of Section 5503 demands proof that appellant by [his] or her actions intentionally or recklessly created a risk [of causing] or caused a public inconvenience, annoyance or alarm." **Commonwealth v. Maerz**, 879 A.2d 1267, 1269 (Pa. Super. 2005). The specific intent requirement of Section 5503(a)(2) "may be met by a showing of a reckless disregard of the risk of public inconvenience, annoyance, or alarm, even if the appellant's intent was to send a message to a certain individual, rather than to cause public inconvenience, annoyance, or alarm." **Id.** (citation omitted).

We look at the content of the language "only to infer whether the speaker intended to cause public annoyance, alarm, etc." **Maerz**, 879 A.2d at 1269. "Ultimately, however, what constitutes the *actus reus* of

- 4 -

'unreasonable noise' under the disorderly conduct statute is determined solely by the volume of the speech, not by its content." ***Id.*** "[A] noise is unreasonable for the purpose of the disorderly conduct statute where it is not fitting or proper in respect to the conventional standards of organized society or a legally constituted community or inconsistent with neighborhood tolerance or standards." ***Bertothy***, 307 A.3d at 782 (citations and quotation marks omitted).

In ***Maerz***, for example, the defendant's single, profane outburst yelled at a neighbor across the street at 9:45 p.m. was deemed insufficient unreasonable noise to constitute disorderly conduct. ***Maerz***, 879 A.2d at 1270. The Commonwealth failed to show that the outburst jeopardized the public peace, or that the noise was "absolutely **inconsistent with the residential neighborhood's tolerance levels or standards**. No evidence was offered as to why the public peace in this particular neighborhood could not survive a passing, albeit very loud, vocal noise during evening hours." ***Id.*** at 1271 (emphasis added).

Similarly, in ***Commonwealth v. Gilbert***, 674 A.2d 284 (Pa. Super. 1996), we found insufficient evidence of intent and unreasonable noise where the defendant "openly disagreed" with a police officer who was towing his neighbor's car. ***Gilbert***, 674 A.2d at 285-86. At best, the record reflected that the defendant spoke to the officer and yelled across the street to his neighbor. ***Id.*** at 287. "Intent cannot be inferred from the officer's annoyance

- 5 -

with appellant for disagreeing with him and for shouting his disagreement to his neighbor." *Id.* at 286. "The arresting officer testified that half the neighbors eventually came out to the street to view the 'ruckus.' However, no evidence was produced that that level of noise was **inconsistent with neighborhood tolerance or standards**." *Id.* (emphasis added).

In contrast, in *Commonwealth v. Alpha Epsilon Pi*, 540 A.2d 580 (Pa. Super. 1988), we affirmed a disorderly conduct citation of a college fraternity where noise from its late-night partying could be heard fifty yards away from the fraternity house. *Alpha Epsilon Pi*, 540 A.2d at 583. We explained:

> Given the time of day, the officer's ability to hear the noise from a distance of fifty yards during a warm, summer night, and the **initial complaint to the officer which was made by a resident** living at least one block away, we cannot say that the trier of fact could not have found the noise to have been unreasonable.

*Id.* (emphasis added). Intent was proven through evidence that

> a music sound system was operated at 11:20 at night, from a dwelling house with the windows open, such that that the sound was heard by a resident living on a parallel street one block distant, and the sound continued such that it was readily heard by an investigating police officer at a distance of fifty yards from the house. These facts are sufficient to permit the trier of fact to find a reckless disregard for public inconvenience and annoyance.

*Id.* at 584.

Even viewing the evidence in a light most favorable to the Commonwealth as the verdict-winner, Appellant's conviction cannot stand. The evidence of intent is insufficient. Evidence adduced at Appellant's summary trial established that Appellant screamed "fuck you" for one second

at 1:30 a.m. while standing outside of a bar with several other bar patrons. The obscenity was aimed at his friend. There were no complaints from residents in the nearby homes. This set of circumstances belies an intent to upset the public peace. Nor was the public peace jeopardized by the actual noise generated by Appellant. Appellant's single phrase outburst prompted neither civil unrest nor a single neighbor to seek police intervention. Though briefly irritating, Appellant's vocal noise did not upset the public peace as required under our jurisprudence.

Moreover, the evidence of unreasonable noise is insufficient. The Commonwealth failed to present any evidence that the volume of Appellant's speech was inappropriate for the place at which it occurred: a mixed commercial and residential area with several bars. There were numerous people in the area, there was no fighting or arguing, there were no complaints from residents, and the noise lasted one second. Although the Commonwealth points out that Officer Lardarello, who was on the phone with Officer Wenrich, heard Appellant yell from a block away, there is no evidence that Appellant's one-second yell was inconsistent with neighborhood tolerance or standards.

Judgment of sentence vacated; summary disorderly conduct conviction reversed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 01/14/2026