J-A02003-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BARBARA LITTLE | : | |
| | : | |
| Appellant | : | No. 568 WDA 2022 |

Appeal from the Judgment of Sentence Entered April 13, 2022
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-SA-0000296-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BARBARA LITTLE | : | |
| | : | |
| Appellant | : | No. 569 WDA 2022 |

Appeal from the Judgment of Sentence Entered April 13, 2022
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-SA-0000297-2021

BEFORE:  BOWES, J., OLSON, J., and MURRAY, J.

MEMORANDUM BY OLSON, J.:                    **FILED: APRIL 13, 2023**

In this consolidated appeal,[1] Appellant, Barbara Little, appeals from the

April 13, 2022 judgments of sentence entered in the Court of Common Pleas

of Blair County after the trial court, in a summary appeal hearing, found

_____

[1] In a July 1, 2022 *per curiam* order, this Court consolidated, *sua sponte*, the
two appeals docketed in this Court at 568 WDA 2022 and 569 WDA 2022.

Appellant guilty of two counts of disorderly conduct – unreasonable noise.[2] We affirm.

The record demonstrates that, on July 5, 2021, the Allegheny Township Police Department responded to Appellant's residence in Duncansville, Pennsylvania, concerning a noise complaint lodged by Appellant's neighbor. Following the police response, Appellant was issued two non-traffic citations at 6:25 p.m. Citation R2994525-2 charged Appellant with disorderly conduct – unreasonable noise for "beat[ing] a cooking pan outside her residence making unreasonable noise throughout the day, taunting the neighbors [and] dogs." Citation R2994525-2, 7/7/21. Citation R2994526-3 charged Appellant with harassment – course of conduct with no legitimate purpose for "repeatedly engaging in a conduct[,] namely beating a cooking pan outside her residence throughout the day taunting the neighbors [and] dogs." Citation R2994526-3, 7/7/21 (emphasis and extraneous capitalization omitted).

Later that same day, the police again responded to Appellant's residence concerning a noise complaint lodged by a different neighbor. Following the police response, Appellant was issued two non-traffic citations at 11:22 p.m. Citation R2994531-1 charged Appellant with disorderly conduct – unreasonable noise for "beat[ing] cooking pans outside her

_____

[2] 18 Pa.C.S.A. § 5503(a)(2). As discussed *infra*, the trial court found Appellant not guilty of two counts of harassment – course of conduct with no legitimate purpose. 18 Pa.C.S.A. § 2709(a)(3).

residence making unreasonable noise late at night taunting neighbors and dogs." Citation R2994531-1, 7/18/21. Citation R2994530-0 charged Appellant with harassment – course of conduct with no legitimate purpose for "engag[ing] in a course of conduct[,] namely beating cooking pans outside her residence late at night taunting the neighbor and dogs." Citation R2994530-0, 7/18/21.

On August 16, 2021, a magisterial district judge found Appellant guilty of two counts each of disorderly conduct and harassment. On September 2, 2021, Appellant appealed her four summary convictions to the Court of Common Pleas of Blair County for a *de novo* trial pursuant to Pennsylvania Rule of Criminal Procedure 462(A).[3] **See** Pa.R.Crim.P. 462(A) (stating that, "[w]hen a defendant appeals after the entry of a guilty plea or a conviction by an issuing authority in any summary proceeding, upon the filing of the transcript and other papers by the issuing authority, the case shall be heard

---

[3] Appellant was convicted of one count each of disorderly conduct (Citation R2994525-2) and harassment (Citation R2994526-3) at magisterial district court dockets MJ-24302-NT-0000108-2021 and MJ-24302-NT-0000109-2021, respectively. The appeal of these two charges was lodged with the trial court at trial court docket number CP-07-SA-0000297-2021 ("Case 297-2021").

Appellant was also convicted of one count each of disorderly conduct (Citation R2994531-1) and harassment (Citation R2994530-0) at magisterial district court dockets MJ-24302-NT-0000114-2021 and MJ-24302-NT-0000113-2021, respectively. The appeal of these two convictions was lodged with the trial court at trial court docket number CP-07-SA0000296-2021 ("Case 296-2021").

*de novo* by the judge of the court of common pleas sitting without a jury");

**see also** Pa.R.Crim.P. 466 (permitting a defendant to appeal a summary

conviction by filing a notice of appeal with the court of common pleas in the

judicial district in which the magisterial district court is located).

The trial court conducted a *de novo* trial on Appellant's aforementioned

summary offenses on April 8, 2022. On April 13, 2022, the trial court found

Appellant guilty of two counts of disorderly conduct – unreasonable noise.[4]

Trial Court Order, 4/13/22. Appellant was ordered to pay an aggregate fine

of $400.00, as well as court costs.[5] These appeals followed.[6]

_____

[4] The trial court found Appellant not guilty of two counts of harassment – course of conduct with no legitimate purpose. Trial Court Order, 4/13/22.

[5] At Case 297-2021, the trial court, upon finding Appellant guilty of one count of disorderly conduct, ordered Appellant to pay a $100.00 fine plus court costs. Trial Court Order, 4/13/22.

At Case 296-2021, the trial court, upon finding Appellant guilty of one count of disorderly conduct, ordered Appellant to pay a $300.00 fine plus court costs. **Id.**

[6] Appellant filed a separate notice of appeal at each trial court docket in compliance with **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), and its progeny. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

The record demonstrates that, on April 25, 2022, Appellant filed a petition for reconsideration on the ground that Appellant's "banging [of] pots and pans while on her own property" did not give rise to "unreasonable noise" to support her convictions. Pursuant to Pennsylvania Rule of Criminal Procedure 720(D), a defendant is not permitted to file a post-sentence motion, including a motion for reconsideration, following a trial *de novo* in the court of common pleas. Pa.R.Crim.P. 720(D) (stating, "[t]he imposition of sentence immediately

- 4 -

Appellant raises the following issue for our review: "Did the trial court err by finding that the Commonwealth presented evidence beyond a reasonable doubt that [] Appellant was guilty of the offense of [d]isorderly [c]onduct?" Appellant's Brief at 5.

Appellant raises a challenge to the sufficiency of the evidence to support her convictions of disorderly conduct – unreasonable noise for which our standard and scope of review are well-settled.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proof or proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all the evidence actually received must be considered. Finally, the trier[-]of[-]fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part[,] or none of the evidence.

---

following a determination of guilt at the conclusion of the trial *de novo* shall constitute a final order for purposes of appeal"). Therefore, the fact that the trial court did not rule on Appellant's petition for reconsideration before the filing of her notices of appeal on May 13, 2022, is of no consequence because Appellant's petition for reconsideration was a legal nullity pursuant to Rule 720(D).

*Commonwealth v. Pappas*, 845 A.2d 829, 835-836 (Pa. Super. 2004) (citation omitted), *appeal denied*, 862 A.2d 1254 (Pa. 2004); *see also Commonwealth v. Brown*, 52 A.3d 1139, 1163 (Pa. 2012) (stating that, in reviewing a claim of insufficient evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, **any** rational trier[-]of[-]fact could have found the essential elements of the crime beyond a reasonable doubt" (emphasis in original)).

Section 5503(a)(2) of the Crimes Codes states that "[a] person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he" or she "makes unreasonable noise[.]" 18 Pa.C.S.A. § 5503(a)(2). It is well-settled that "the offense of disorderly conduct is not intended as a catchall for every act which annoys or disturbs people" and "it is not to be used as a dragnet for all the irritations which breed in the ferment of a community." *Commonwealth v. Hock*, 728 A.2d 943, 947 (Pa. 1999). Rather, the specific and definite purpose of the disorderly conduct statute is "to preserve the public peace." *Id.*; *see also Commonwealth v. Fedorek*, 946 A.2d 93, 100 (Pa. 2008) (stating, the disorderly conduct statute "is aimed at protecting the public from certain enumerated acts" (original quotation marks and emphasis omitted)).

"The *mens rea* requirement of Section 5503[a] demands proof that [a defendant] by her[, or his,] actions intentionally or recklessly created a risk of causing or caused a public inconvenience, annoyance[,] or alarm." *Commonwealth v. Maerz*, 879 A.2d 1267, 1269 (Pa. Super. 2005) (citation

and original brackets omitted). "The specific intent requirement of [Section 5503(a)] may be met by a showing of a reckless disregard of the risk of public inconvenience, annoyance, or alarm, even if the [defendant's] intent was to send a message to a certain individual, rather than to cause public inconvenience, annoyance, or alarm." *Id.* (citation and original quotation marks omitted); *see also Fedorek*, 946 A.2d at 100 (stating, "[a]lthough Section 5503 as a whole is aimed at preventing public disturbance, it accomplishes this aim by focusing upon certain individual acts, which, if pursued with the intent to cause public inconvenience, annoyance, or alarm, or recklessly creating a risk thereof, constitute the offense of disorderly conduct").

The *actus reus* requirement of a disorderly conduct – unreasonable noise offense, pursuant to Section 5503(a)(2), requires proof that a defendant's actions or words created noise that was unreasonable. *Id.* "Under Pennsylvania law, a noise is unreasonable for the purpose of the disorderly conduct statute where it is not fitting or proper in respect to the conventional standards of organized society or a legally constituted community or [is] inconsistent with neighborhood tolerance or standards." *Commonwealth v. McConnell*, 244 A.3d 44, 51 n.5 (Pa. Super. 2020), *citing Commonwealth v. Forrey*, 108 A.3d 895, 898 (Pa. Super. 2015). "Ultimately, [] what constitutes the *actus reus* of 'unreasonable noise' under [Section 5503(a)(2)] is determined solely by the **volume of the speech**, not by its content." *Forrey*, 108 A.3d at 898 (citation omitted, emphasis in

original) (stating that, the Commonwealth must present "evidence that the volume of [a defendant's words or actions] was inappropriate for the place in which it occurred").

In finding Appellant, in the case *sub judice*, guilty of disorderly conduct – unreasonable noise, the trial court explained,

> the evidence and testimony presented regarding [Appellant's] behavior demonstrated that she had the requisite *mens rea* under 18 Pa.C.S.A. § 5503(a). [Appellant] testified that she has had longstanding "troubles" with [neighbors] in the area, and that she has appeared seven or eight times at the magisterial district court to face charges of harassment or disorderly conduct regarding incidents involving neighbor[s]. Further, [Appellant] testified she was dissatisfied with the police[] response to her calls [and] complaints regarding the neighbors' dogs. She testified that she took it upon herself to purposely engage in the banging of pots and pans on her front lawn as a means to quiet the dogs, and that such action was legally permissible because no local neighborhood noise ordinance exists. [Appellant] presented no authority at trial to support this conclusion.
>
> Moreover, [Appellant] intentionally kept up the offensive condition despite police involvement, directives to cease the behavior, and a citation earlier in the evening for disorderly conduct. As such, she clearly had the requisite *mens rea* to intentionally create a risk of public inconvenience, annoyance, or alarm to sustain conviction.
>
> Next, the hours long repetitive beating and banging of a cooking pot or pan in her front lawn until 11:22 p.m. clearly creates unreasonable noise "not fitting or proper in respect to the conventional standards of organized society or a legally constituted community" and is "inconsistent with neighborhood tolerance or standards." By her own words [Appellant] admitted she created noise louder than barking dogs. Her logic of deliberately creating louder neighborhood noise, for the purpose of quieting other neighborhood noise, and doing so under the misguided belief that such behavior should be tolerated because no excessive noise ordinance exists, is flawed logic.

- 8 -

[Appellant's] public disturbance was not brief, nor confined in scope, where despite being told by police to stop the banging of pots and pans, she continued to do so for hours, as police were called to her residence twice in one evening, hours apart. As such, the noise was unreasonable.

Trial Court Opinion, 6/14/22, at 6-9 (citations omitted).

A review of the record demonstrates that the Commonwealth rested solely on a stipulation by the parties as proof that Appellant's actions constituted disorderly conduct – unreasonable noise. The stipulation, stated on the record, is as follows:

on July 5[,] 2021, in the evening hours, [Appellant] was in her yard banging pots and pans and [a neighbor] captured this on video[.] The [police] were called to the residence for [Appellant's] beating the cooking pans to allegedly agitate the dogs nearby and when [police] officers arrived there was an observation that [Appellant] was sitting in a chair on the front lawn facing [the neighbor's] residence specifically banging this pot and pan.

[Appellant] was banging pots and pans outside her residence on that date.

Allegheny Township does not have a dog barking ordinance[,] and [the township does not] have a noise ordinance.

N.T., 4/8/22, at 3-4. The Commonwealth did not present any additional evidence, including the testimony of the responding police officers or the neighbors that reported the incidents which led to the issuance of the citations.

Appellant testified that, on July 5, 2021, she was in her yard "banging pots and pans" in an attempt to stop the neighbors' dogs from barking because the noise hurts the dogs' ears. *Id.* at 5-6. Appellant acknowledged that there were two noise-related incidents that evening where the police were called to

her house. *Id.* at 6. The non-traffic citations show that a police officer responded to noise complaints caused by Appellant's "banging of pots and pans" "throughout the day" and "late at night." The responding police officer issued citations at 6:25 p.m. and 11:22 p.m. Appellant explained that the barking dogs were located 25 feet from her residence. *Id.* at 9. Appellant further admitted that she received several prior citations and warnings for disorderly conduct based upon noise complaints. *Id.* at 7-8 (explaining that she had received a citation for, *inter alia*, sitting in her vehicle talking on the telephone loudly and that the police responded to a neighbor's complaint she was playing her radio loudly, for which she was not cited).

In viewing the evidence in the light most favorable to the Commonwealth, as verdict winner, we discern no error of law or abuse of discretion in the trial court's determination that Appellant "intentionally create[d] a risk of public inconvenience, annoyance, or alarm" and that her actions "clearly create[d] unreasonable noise". Trial Court Opinion, 6/14/22, at 8. Appellant testified that she has a history of being issued noise citations by the police based upon complaints lodged by, *inter alia*, the neighbor living across the street. N.T., 4/8/22, at 8 (stating that, "every time I'm outside, if I do something that the [neighbor from across the street does not] like, [the neighbor] call[s] the [police]"). As part of the stipulation, Appellant agreed that she was observed, by the police, sitting in a chair in her front yard facing the neighbor's house across the street banging pots and pans while the neighbor recorded her actions on video. *Id.* at 3-4. Appellant explained,

however, that the dogs to which her actions of banging pots and pans were directed, were not owned by the neighbor living across the street from her residence *Id.* at 9 (explaining that the dogs did not belong to the neighbor living across the street but, rather, belonged to "the other neighbor"). Moreover, Appellant explained that she banged on the pots and pans to stop the dogs from barking and that the dogs barked "all the time." *Id.* at 6. Based upon the stipulation and Appellant's testimony, the Commonwealth presented sufficient evidence to enable the trial court, as fact-finder, to find the *mens rea* element of the disorderly conduct offense beyond a reasonable doubt.

Regarding the *actus reas* element, this Court in **Commonwealth v. Alpha Epsilon Pi**, 540 A.2d 580 (Pa. Super. 1988) held that "the [police] officer's ability to hear the noise from a distance of fifty yards" (150 feet) at 11:20 p.m. and the fact that the complainant who reported the noise lived "at least a block away" gave rise to sufficient evidence to support a finding that the noise was unreasonable. **Alpha Epsilon Pi**, 540 A.2d at 583. In reviewing the sufficiency of the evidence to establish the element of unreasonable noise, the **Alpha Epsilon Pi** Court relied on evidence demonstrating the volume of the noise, as shown by, *inter alia*, how far away the police officer and complainant were when they heard the noise, and the time of night at which the noise occurred. *Id.*

In contrast, this Court in **Maerz**, **supra**, found insufficient evidence that the noise rose to the level of being "unreasonable" based upon evidence that

the defendant's brief, single sentence outburst "was only as loud as a person of her presumably ordinary physical abilities can shout," that the outburst occurred "in the evening [hours] prior to ordinary sleeping hours," and "prompted neither civil unrest nor a single neighbor to seek police intervention." *Maerz*, 879 A.2dd at 1271. Similarly, this Court in *Forrey*, *supra*, held that the Commonwealth presented insufficient evidence to demonstrate "unreasonable noise" where one law enforcement officer reported that he could hear the defendant yelling at police officers alongside a rural highway from a ten foot distance. *Forrey*, 108 A.3d at 898.

In the case *sub judice*, the evidence, viewed in the light most favorable to the Commonwealth, demonstrates that Appellant was observed by a police officer banging pots and pans on her property on the day in question. Citation R2994525-2 stated that Appellant banged the pots and pans "throughout the day" on July 5, 2021. This citation was issued at 6:25 p.m., thus permitting the inference that Appellant had been banging pots and pans continuously "throughout the day" leading up to the issuance of the citation. Moreover, as discussed *supra*, Appellant banged the pots and pans every time the dogs barked, and the dogs barked "all the time." Thus, it may be inferred that Appellant's actions of banging pots and pans occurred prior to the issuance of the 6:25 p.m. citation and continued throughout the evening hours until the issuance of the 11:22 p.m. citation. While some of Appellant's actions occurred during "non-sleeping hours," certainly the continuation of the actions leading up to the 11:22 p.m. citation occurred during "sleeping hours."

- 12 -

Appellant also stated the neighbor's dogs that were barking were located 25 feet away from her property. Thus, the noise created by Appellant's actions could be heard at least 25 feet away from her property.[7] Furthermore, the stipulation contains an agreement that the neighbor living across the street recorded Appellant's actions. Although there is no indication on the record that the video footage was played for the trial court's benefit or entered as evidence, the agreement that a video of Appellant's actions was created leads to the reasonable inference that the noise created by Appellant's actions was loud enough to be heard across the street and captured on video. Therefore, viewing the record in the light most favorable to the Commonwealth, we conclude there was sufficient evidence to permit the trial court, as fact finder, to conclude that the volume of noise created by Appellant's actions rose to the level of being "unreasonable." *Maerz*, 879 A.2dd at 1271; *see also Alpha Epsilon Pi*, 540 A.2d at 583.

_____

[7] The trial court cites page 7 of the April 8, 2022 notes of testimony in support of its finding that "[b]y her own words[, Appellant] admitted she created noise louder than barking dogs." Trial Court Opinion, 6/14/22, at 8, *citing* N.T., 4/8/22, at 7. We have reviewed the notes of testimony and cannot find such an admission by Appellant. Appellant does state that the neighbors' "dogs are barking all the time so, if I bang the pans, the dogs quit barking because it hurts their ears." N.T., 4/8/22, at 6. This statement by Appellant, even when viewed in the light most favorable to the Commonwealth, does not permit an inference that the noise created by the banging of pots and pans was louder than the dogs' barking. Rather, a reasonable inference drawn from this statement demonstrates that the dogs were able to hear the noise and that the noise, according to Appellant, hurt their ears and made them stop barking (at least temporarily).

Judgments of sentence affirmed.[8]


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/13/2023

---

[8] It is clear, even from the limited record, that there is much discord in this neighborhood and that Appellant has taken to self-help to resolve her annoyance with, *inter alia*, barking dogs. The police officer's advice to Appellant that she consult an attorney over such matters is sound. Appellant can also work to advance a noise ordinance in the community which would make certain noises, at certain times prohibited. If for nothing more than the sake of the dogs' ears, we hope that any discord going forward can be resolved amicably.